1 │ LYNN HUBBARD, III, SBN 69773
**DISABLED ADVOCACY GROUP, APLC**

2 │ 12 Williamsburg Lane
Chico, CA 95926

3 │ Telephone: (530) 895-3252
Facsimile: (530) 894-8244

4 │ Email: USDCCentral@HubsLaw.com

5

Attorneys for Plaintiff

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12

13 │ CHRIS KOHLER,

**CV 11 - 04451** JSL (SP_x)

No.

14 │     Plaintiff,

**Plaintiff's Complaint**

15 │     vs.

16 │ BED BATH & BEYOND of
17 │ CALIFORNIA, LLC dba BED
BATH & BEYOND #1136;
18 │ BRINKER RESTAURANT
19 │ CORPORATION dba CHILIS
GRILL & BAR #1169; PETSMART,
20 │ INC. dba PETSMART #1362;
21 │ WENDY'S INTERNATIONAL,
INC. dba WENDY'S #10574; LAKE
22 │ ELSINORE MARKETPLACE, LLC,

23 │     Defendants.

24

25

26

27

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

# I. SUMMARY

1. This is a civil rights action by plaintiff Chris Kohler ("Kohler") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

Bed Bath & Beyond #1136
29231 Central Avenue
Lake Elsinore, CA 92532
(hereafter "the BB&B Facility")

Chilis Grill & Bar #1169
29233 Central Avenue
Lake Elsinore, CA 92532
(hereafter "the Chilis Facility")

Petsmart #1362
29227 Central Avenue
Lake Elsinore, CA 92532
(hereafter "the Petsmart Facility")

Wendy's #10574
29275 Central Avenue
Lake Elsinore, CA 92532
(hereafter "the Wendy's Facility")

(collectively, "the Entire Facility").

2. Kohler seeks damages, injunctive and declaratory relief, attorney fees and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes against: Bed Bath & Beyond of California, LLC dba Bed Bath & Beyond #1136 (hereafter, "BB&B"); Brinker Restaurant Corporation dba Chilis Grill & Bar #1169 (hereafter, "Chilis"); Petsmart, Inc. dba Petsmart #1362 (hereafter, "Petsmart"); Wendy's International, Inc. dba Wendy's #10574 (hereafter, "Wendy's"); and, Lake Elsinore Marketplace, LLC (hereafter "LEM").

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1
## II. JURISDICTION

2  3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and
3 1343 for ADA claims.

4  4.    Supplemental jurisdiction for claims brought under parallel
5 California law—arising from the same nucleus of operative facts—is predicated
6 on 28 U.S.C. § 1367.

7  5.    Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

8
## III. VENUE

9  6.    All actions complained of herein take place within the jurisdiction of
10 the United States District Court, Central District of California, and venue is
11 invoked pursuant to 28 U.S.C. § 1391(b), (c).

12
## IV. PARTIES

13  7.    BB&B owns, operates, and/or leases the BB&B Facility, and
14 consists of a person (or persons), firm, and/or corporation.

15  8.    Chilis owns, operates, and/or leases the Chilis Facility, and consists
16 of a person (or persons), firm, and/or corporation.

17  9.    Petsmart owns, operates, and/or leases the Petsmart Facility, and
18 consists of a person (or persons), firm, and/or corporation.

19  10.    Wendy's owns, operates, or leases the Wendy's Facility, and
20 consists of a person (or persons), firm, and/or corporation.

21  11.    LEM owns, operates, and/or leases the Entire Facility, and consists
22 of a person (or persons), firm, and/or corporation.

23  12.    Kohler was shot in the back in 1988, which left him paralyzed from
24 the waist down and requires the use of a wheelchair when traveling about in
25 public. Consequently, Kohler is "physically disabled," as defined by all
26 applicable California and United States laws, and a member of the public whose
27 rights are protected by these laws.

28
*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

## V. FACTS

13.     The BB&B Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce

14.     The Chilis Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

15.     The Petsmart Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce

16.     The Wendy's Facility is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

17.     The Entire Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

18.     Kohler visited these facilities and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at both facilities.

19.     To the extent known by Kohler, the barriers at the BB&B Facility included, but are not limited to, the following:

- The slope and cross slopes of numerous disabled parking spaces exceed 2.0%.  Without a level parking space, it is difficult for Kohler to transfer/unload from his vehicle;

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

- The slope and cross slopes of numerous access aisles exceed 2.0%. Without a level access aisle, it is difficult for Kohler to transfer/unload from his vehicle;
- At least one disabled parking space has no signage posted, thus making it difficult for Kohler to determine which spaces are intended to be accessible;
- There are no disabled parking spaces designated as being van accessible, thus making it difficult for Kohler to determine which spaces are intended for the use of vans;
- There is insufficient strike side clearance when entering the restroom, thus making it difficult for Kohler to pull open the door;
- The water closet stall door is not self-closing, thus making it difficult for Kohler to completely shut;
- The front toilet tissue dispenser is more than 12 inches from the front of the water closet, making it difficult – if not impossible – for Kohler to reach and use;
- The pipes beneath the lavatories are not completely wrapped, thus causing Kohler to risk burning his legs when using; and,
- The paper towel dispenser requires twisting, pinching and/or grasping to operate, thus making it difficult for Kohler to use; and,
- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Kohler to push open the door.

These barriers prevented Kohler from enjoying full and equal access.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

Page 5

20.    To the extent known by Kohler, the barriers at the Chilis Facility included, but are not limited to, the following:

- The slope and cross slopes of numerous disabled parking spaces exceed 2.0%.   Without a level parking space, it is difficult for Kohler to transfer/unload from his vehicle;

- The slope and cross slopes of numerous access aisles exceed 2.0%. Without a level access aisle, it is difficult for Kohler to transfer/unload from his vehicle;

- At least one disabled parking space has no signage posted, thus making it difficult for Kohler to determine which spaces are intended to be accessible;

- The slope of the route from the disabled parking space (without signage) to the entrance is too steep and lacks proper handrails on both sides, thus making it very difficult for Kohler to traverse and reach the entrance;

- The signage at the van accessible parking space is incorrect, thus making it difficult for Kohler to determine which spaces are intended to be for vans;

- When left open, the baby changing station obstructs the swing of the water closet stall door, thus preventing Kohler from accessing the accessible water closet stall;

- The toilet tissue dispenser protrudes into the clear floor and/or maneuvering space required to access the water closet.  Without this clear space, it becomes difficult for Kohler to transfer from his wheelchair to the water closet;

- The toilet tissue dispenser contains sharp edges, thus causing Kohler to risk injuring himself;

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

- The toilet tissue dispenser is an obstruction to the use of the side grab bar. Without full use of this bar, it becomes difficult for Kohler to transfer from his wheelchair to the water closet;
- The pipes beneath the lavatories are not wrapped, thus causing Kohler to risk burning his legs when using;
- The paper towel dispensers are mounted outside of the required reach range limits, thus making them difficult – if not impossible – for Kohler to reach and use;
- The paper towel dispensers are mounted too high, thus making them difficult – if not impossible – for Kohler to reach and use; and,
- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Kohler to pull open the door.

These barriers prevented Kohler from enjoying full and equal access.

21.   To the extent known by Kohler, the barriers at the Petsmart included, but are not limited to, the following:

- The slope and cross slopes of numerous disabled parking spaces exceed 2.0%. Without a level parking space, it is difficult for Kohler to transfer/unload from his vehicle;
- The slope and cross slopes of numerous access aisles exceed 2.0%. Without a level access aisle, it is difficult for Kohler to transfer/unload from his vehicle;
- At least one disabled parking space has no signage posted, thus making it difficult for Kohler to determine which spaces are intended to be accessible;
- There are no disabled parking spaces designated as being van accessible, thus making it difficult for Kohler to determine which spaces are intended for the use of vans;

- At least two disabled parking spaces lack wheelstops that prevent vehicles parked in those spaces from encroaching into the accessible route leading from all of the disabled parking spaces to the entrance. Without an accessible route from the disabled parking spaces, Kohler would be forced to travel through vehicular traffic and risk being hit by a vehicle;

- There is no handle mounted below the water closet stall door lock, thus making it difficult for Kohler to completely and properly close the door;

- The disposable seat cover dispenser is mounted outside of the required reach range limits, thus making it difficult – if not impossible – for Kohler to reach and use;

- The water closet is an obstruction to the use of the disposable seat cover dispenser, thus making the dispenser difficult – if not impossible – for Kohler to reach and use;

- The toilet tissue dispenser is an obstruction to the use of the side grab bar.  Without full use of this bar, it becomes difficult for Kohler to transfer from his wheelchair to the water closet;

- The toilet tissue dispenser protrudes into the clear floor and/or maneuvering space required at the water closet.  Without this clear space, it becomes difficult for Kohler to transfer from his wheelchair to the water closet;

- The pipes beneath the lavatory are not completely covered, thus causing Kohler to risk burning his legs when using;

- The paper towel dispenser is mounted too high, thus making it difficult – if not impossible – for Kohler to reach and use;

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1                                   

- When left open, the baby changing station is an obstruction to the use of the soap dispenser, thus making the dispenser difficult – if not impossible – for Kohler to reach and use; and,

- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Kohler to pull open the door.

These barriers prevented Kohler from enjoying full and equal access.

22.    To the extent known by Kohler, the barriers at the Wendy's Facility included, but are not limited to, the following:

- The slope and cross slopes of numerous disabled parking spaces exceed 2.0%. Without a level parking space, it is difficult for Kohler to transfer/unload from his vehicle;

- The slope and cross slopes of numerous access aisles exceed 2.0%. Without a level access aisle, it is difficult for Kohler to transfer/unload from his vehicle;

- At least one disabled parking space has no signage posted, thus making it difficult for Kohler to determine which spaces are intended to be accessible;

- The signage posted at the van accessible parking space is incorrect, thus making it difficult for Kohler to determine which spaces are intended for the use of vans;

- The water closet stall door is not self-closing, thus making it difficult for Kohler to completely and properly shut;

- The disposable seat cover dispenser is mounted too high, thus making it difficult – if not impossible – for Kohler to reach and use;

- The water closet is an obstruction to the use of the disposable seat cover dispenser, thus making it difficult – if not impossible – for Kohler to reach and use;

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

- Due to its location above and behind the water closet, the disposable seat cover dispenser is outside of the required reach range limits, thus making it difficult – if not impossible – for Kohler to reach and use;

- Both roll of toilet tissue in the dispenser are more than 12 inches from the front of the water closet, thus making them difficult – if not impossible for Kohler to reach and use;

- The toilet tissue dispenser protrudes into the clear floor and/or maneuvering space required to access the water closet.  Without this clear space, it is difficult for Kohler to transfer from his wheelchair to the water closet;

- The toilet tissue dispenser has sharp edges, thus causing Kohler to risk injury;

- The soap dispenser is mounted too high, thus making it difficult – if not impossible – for Kohler to reach and use; and,

- The pipes beneath the lavatory are not wrapped, thus causing Kohler to risk burning his legs when using.

These barriers prevented Kohler from enjoying full and equal access.

23.   Kohler was also deterred from visiting the BB&B Facility because he knew that the BB&B Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the BB&B Facility because of the future threats of injury created by these barriers.

24.   Kohler was also deterred from visiting the Chilis Facility because he knew that the Chilis Facility's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

Page 10

1  himself). He continues to be deterred from visiting the Chilis Facility because of

2  the future threats of injury created by these barriers.

3      25.    Kohler was also deterred from visiting the Petsmart Facility because

4  he knew that the Petsmart Facility's goods, services, facilities, privileges,

5  advantages, and accommodations were unavailable to physically disabled patrons

6  (such as himself). He continues to be deterred from visiting the Petsmart Facility

7  because of the future threats of injury created by these barriers.

8      26.    Kohler was also deterred from visiting the Wendy's Facility because

9  he knew that the Wendy's Facility's goods, services, facilities, privileges,

10  advantages, and accommodations were unavailable to physically disabled patrons

11  (such as himself). He continues to be deterred from visiting the Wendy's Facility

12  because of the future threats of injury created by these barriers.

13      27.    Kohler also encountered barriers at the facilities, which violate state

14  and federal law, but were unrelated to his disability. Nothing within this

15  complaint, however, should be construed as an allegation that Kohler is seeking

16  to remove barriers unrelated to his disability.

17      28.    BB&B knew that these elements and areas of the BB&B Facility

18  were inaccessible, violate state and federal law, and interfere with (or deny)

19  access to the physically disabled.  Moreover, BB&B has the financial resources

20  to remove these barriers from the BB&B Facility (without much difficulty or

21  expense), and make the BB&B Facility accessible to the physically disabled.  To

22  date, however, BB&B refuses to either remove those barriers or seek an

23  unreasonable hardship exemption to excuse non-compliance.

24      29.    At all relevant times, BB&B has possessed and enjoyed sufficient

25  control and authority to modify the BB&B Facility to remove impediments to

26  wheelchair access and to comply with the Americans with Disabilities Act

27  Accessibility Guidelines and Title 24 regulations.  BB&B has not removed such

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1    impediments and has not modified the BB&B Facility to conform to accessibility

2    standards.  BB&B has intentionally maintained the BB&B Facility in its current

3    condition and has intentionally refrained from altering the BB&B Facility so that

4    it complies with the accessibility standards.

5        30.    Kohler further alleges that the (continued) presence of barriers at the

6    bed bath & beyond facility is so obvious as to establish BB&B's discriminatory

7    intent.  On  information  and  belief,  Kohler  avers  that  evidence  of  this

8    discriminatory  intent  includes  BB&B's  refusal  to  adhere  to  relevant  building

9    standards;  disregard  for  the  building  plans  and  permits  issued  for  the  BB&B

10   Facility;  conscientious decision to the architectural layout (as it currently exists)

11   at the BB&B Facility; decision not to remove barriers from the BB&B Facility;

12   and allowance that BB&B's property continues to exist in its non-compliant state.

13   Kohler further alleges, on information and belief, that BB&B is not in the midst

14   of a remodel, and that the barriers present at the BB&B Facility are not isolated

15   (or temporary) interruptions in access due to maintenance or repairs.[1]

16       31.    Chilis knew that these elements and areas of the Chilis Facility were

17   inaccessible, violate state and federal law, and interfere with (or deny) access to

18   the physically disabled.  Moreover, Chilis has the financial resources to remove

19   these barriers from Chilis (without much difficulty or expense), and make the

20   Chilis Facility accessible to the physically disabled.  To date, however, Chilis

21   refuses  to  either  remove  those  barriers  or  seek  an  unreasonable  hardship

22   exemption to excuse non-compliance.

23       32.    At all relevant times, Chilis has possessed and enjoyed sufficient

24   control and authority to modify the Chilis Facility to remove impediments to

25   wheelchair access and to comply with the Americans with Disabilities Act

26   Accessibility Guidelines and Title 24 regulations.  Chilis has not removed such

27

28   [1]   Id.; 28 C.F.R. § 36.211(b)
     *Kohler v. Petsmart, Inc., et al.*
     Plaintiff's Complaint

1    impediments and has not modified the Chilis Facility to conform to accessibility
2    standards.   Chilis has intentionally maintained the Chilis Facility in its current
3    condition and has intentionally refrained from altering the Chilis Facility so that
4    it complies with the accessibility standards.

5         33.   Kohler further alleges that the (continued) presence of barriers at the
6    chilis facility is so obvious as to establish Chilis' discriminatory intent. On
7    information and belief, Kohler avers that evidence of this discriminatory intent
8    includes Chilis' refusal to adhere to relevant building standards; disregard for the
9    building plans and permits issued for the Chilis Facility; conscientious decision
10   to the architectural layout (as it currently exists) at the Chilis Facility; decision
11   not to remove barriers from the Chilis Facility; and allowance that Chilis'
12   property continues to exist in its non-compliant state.   Kohler further alleges, on
13   information and belief, that Chilis is not in the midst of a remodel, and that the
14   barriers present at the Chilis Facility are not isolated (or temporary) interruptions
15   in access due to maintenance or repairs.[2]

16        34.   Petsmart knew that these elements and areas of the Petsmart Facility
17   were inaccessible, violate state and federal law, and interfere with (or deny)
18   access to the physically disabled.   Moreover, Petsmart has the financial resources
19   to remove these barriers from Petsmart (without much difficulty or expense), and
20   make the Petsmart Facility accessible to the physically disabled.   To date,
21   however, Petsmart refuses to either remove those barriers or seek an
22   unreasonable hardship exemption to excuse non-compliance.

23        35.   At all relevant times, Petsmart has possessed and enjoyed sufficient
24   control and authority to modify the Petsmart Facility to remove impediments to
25   wheelchair access and to comply with the Americans with Disabilities Act
26   Accessibility Guidelines and Title 24 regulations.   Petsmart has not removed such

27

28   [2]   Id.; 28 C.F.R. § 36.211(b)
     *Kohler v. Petsmart, Inc., et al.*
     Plaintiff's Complaint

1  impediments and has not modified the Petsmart Facility to conform to

2  accessibility standards.   Petsmart has intentionally maintained the Petsmart

3  Facility in its current condition and has intentionally refrained from altering the

4  Petsmart Facility so that it complies with the accessibility standards.

5        36.   Kohler further alleges that the (continued) presence of barriers at the

6  Petsmart Facility is so obvious as to establish Petsmart's discriminatory intent.

7  On information and belief, Kohler avers that evidence of this discriminatory

8  intent includes Petsmart's refusal to adhere to relevant building standards;

9  disregard for the building plans and permits issued for the Petsmart Facility;

10  conscientious decision to the architectural layout (as it currently exists) at the

11  Petsmart Facility; decision not to remove barriers from the Petsmart Facility; and

12  allowance that Petsmart's property continues to exist in its non-compliant state.

13  Kohler further alleges, on information and belief, that Petsmart is not in the midst

14  of a remodel, and that the barriers present at the Petsmart Facility are not isolated

15  (or temporary) interruptions in access due to maintenance or repairs.[3]

16        37.   Wendy's knew that these elements and areas of the Wendy's Facility

17  were inaccessible, violate state and federal law, and interfere with (or deny)

18  access to the physically disabled.  Moreover, Wendy's has the financial resources

19  to remove these barriers from Wendy's (without much difficulty or expense), and

20  make the Wendy's Facility accessible to the physically disabled.   To date,

21  however, Wendy's refuses to either remove those barriers or seek an unreasonable

22  hardship exemption to excuse non-compliance.

23        38.   At all relevant times, Wendy's has possessed and enjoyed sufficient

24  control and authority to modify the Wendy's Facility to remove impediments to

25  wheelchair access and to comply with the Americans with Disabilities Act

26  Accessibility Guidelines and Title 24 regulations.  Wendy's has not removed such

27

28  [3]   Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1 | impediments and has not modified the Wendy's Facility to conform to
2 | accessibility standards.   Wendy's has intentionally maintained the Wendy's
3 | Facility in its current condition and has intentionally refrained from altering the
4 | Wendy's Facility so that it complies with the accessibility standards.

5 |      39.   Kohler further alleges that the (continued) presence of barriers at the
6 | Wendy's Facility is so obvious as to establish Wendys' discriminatory intent.  On
7 | information and belief, Kohler avers that evidence of this discriminatory intent
8 | includes Wendys' refusal to adhere to relevant building standards; disregard for
9 | the building plans and permits issued for the Wendy's Facility; conscientious
10 | decision to the architectural layout (as it currently exists) at the Wendy's Facility;
11 | decision not to remove barriers from the Wendy's Facility; and allowance that
12 | Wendys' property continues to exist in its non-compliant state.   Kohler further
13 | alleges, on information and belief, that Wendy's is not in the midst of a remodel,
14 | and that the barriers present at the Wendy's Facility are not isolated (or
15 | temporary) interruptions in access due to maintenance or repairs.[4]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The BB&B Facility)

20 |      40.   Kohler incorporates the allegations contained in paragraphs  1
21 | through 39 for this claim.

22 |      41.   Title III of the ADA holds as a "general rule" that no individual shall
23 | be discriminated against on the basis of disability in the full and equal enjoyment
24 | (or use) of goods, services, facilities, privileges, and accommodations offered by
25 | any person who owns, operates, or leases a place of public accommodation. 42
26 | U.S.C. § 12182(a).

---

[4]  Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

42.    BB&B discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the BB&B Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

43.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

44.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

45.    Here, Kohler alleges that BB&B can easily remove the architectural barriers at BB&B Facility without much difficulty or expense, and that BB&B violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

46.    In the alternative, if it was not "readily achievable" for BB&B to remove the BB&B Facility's barriers, then BB&B violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

47.    On information and belief, the BB&B Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

48.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

49.    Here, BB&B violated the ADA by designing or constructing (or both) the BB&B Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[5]

<u>Failure to Make an Altered Facility Accessible</u>

50.    On information and belief, the BB&B Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

51.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

52.    Here, BB&B altered the BB&B Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public— including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

53.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can

---

[5]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1  demonstrate that making such modifications would fundamentally alter their

2  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      54.   Here, BB&B violated the ADA by failing to make reasonable

4  modifications in policies, practices, or procedures at the BB&B Facility, when

5  these modifications were necessary to afford (and would not fundamentally alter

6  the nature of) these goods, services, facilities, or accommodations.

7      55.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive

8  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

9  U.S.C. § 12205.

10     56.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)

11 that BB&B violated the ADA in order to pursue damages under California's

12 Unruh Civil Rights Act or Disabled Persons Act.

13                     VII. SECOND CLAIM

14                     **Disabled Persons Act**

15                     (The BB&B Facility)

16     57.   Kohler incorporates the allegations contained in paragraphs 1

17 through 56 for this claim.

18     58.   California Civil Code § 54 states, in part, that: Individuals with

19 disabilities have the same right as the general public to the full and free use of the

20 streets, sidewalks, walkways, public buildings and facilities, and other public

21 places.

22     59.   California Civil Code § 54.1 also states, in part, that: Individuals

23 with disabilities shall be entitled to full and equal access to accommodations,

24 facilities, telephone facilities, places of public accommodation, and other places

25 to which the general public is invited.

26     60.   Both sections specifically incorporate (by reference) an individual's

27 rights under the ADA. <u>See</u> Civil Code §§ 54(c) and 54.1(d).

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

61.    Here, BB&B discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the BB&B Facility. BB&B also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

62.    For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

63.    He also seeks to enjoin BB&B from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

(The BB&B Facility)

64.    Kohler incorporates the allegations contained in paragraphs 1 through 63 for this claim.

65.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

66.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

67.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

68.    BB&B's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages,

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

facilities, privileges and services in a business establishment (because of their physical disability).

69. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

70. Kohler was damaged by BB&B's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

71. Kohler also seeks to enjoin BB&B from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

IX. FOURTH CLAIM

<b>Denial of Full and Equal Access to Public Facilities</b>

(The BB&B Facility)

72. Kohler incorporates the allegations contained in paragraphs 1 through 71 for this claim.

73. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

74. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

75. Kohler alleges the BB&B Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the BB&B Facility was not exempt under Health and Safety Code § 19956.

76. BB&B's non-compliance with these requirements at the BB&B Facility aggrieved (or potentially aggrieved) Kohler and other persons with

physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. FIFTH CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

(The Chilis Facility)

77.     Kohler incorporates the allegations contained in paragraphs 1 through 76 for this claim.

78.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

79.     Chilis discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Wendy's Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

80.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

81.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

82.   Here, Kohler alleges that Chilis can easily remove the architectural barriers at Chilis Facility without much difficulty or expense, and that Chilis violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

83.   In the alternative, if it was not "readily achievable" for Wen Chilis dy's to remove the Chilis Facility's barriers, then Chilis violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

84.   On information and belief, the Chilis Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

85.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

86.   Here, Chilis violated the ADA by designing or constructing (or both) the Chilis Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[6]

<u>Failure to Make an Altered Facility Accessible</u>

87.   On information and belief, the Chilis Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

88.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an

---

[6]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1   area that contains a facility's primary function also requires adding making the

2   paths of travel, bathrooms, telephones, and drinking fountains serving that area

3   accessible to the maximum extent feasible. Id.

4        89.   Here, Chilis altered the Chilis Facility in a manner that violated the

5   ADA and was not readily accessible to the physically disabled public—including

6   Kohler—to the maximum extent feasible.

7                     Failure to Modify Existing Policies and Procedures

8        90.   The ADA also requires reasonable modifications in policies,

9   practices, or procedures, when necessary to afford such goods, services, facilities,

10  or accommodations to individuals with disabilities, unless the entity can

11  demonstrate that making such modifications would fundamentally alter their

12  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

13       91.   Here, Chilis violated the ADA by failing to make reasonable

14  modifications in policies, practices, or procedures at the Chilis Facility, when

15  these modifications were necessary to afford (and would not fundamentally alter

16  the nature of) these goods, services, facilities, or accommodations.

17       92.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive

18  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

19  U.S.C. § 12205.

20       93.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)

21  that Wendy's violated the ADA in order to pursue damages under California's

22  Unruh Civil Rights Act or Disabled Persons Act.

23                               XI. SIXTH CLAIM

24                             **Disabled Persons Act**

25                               (The Chilis Facility)

26       94.   Kohler incorporates the allegations contained in paragraphs 1

27  through 93 for this claim.

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

Page 23

95. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

96. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

97. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

98. Here, Chilis discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Chilis Facility. Chilis also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

99. For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

100. He also seeks to enjoin Chilis from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII. SEVENTH CLAIM

### Unruh Civil Rights Act

#### (The Chilis Facility)

101. Kohler incorporates the allegations contained in paragraphs 1 through 100 for this claim.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

102.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

103.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

104.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

105.   Chilis' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

106.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

107.   Kohler was damaged by Chilis' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

108.   Kohler also seeks to enjoin Chilis from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XIII. EIGHTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Chilis Facility)

109.   Kohler incorporates the allegations contained in paragraphs 1 through 108 for this claim.

110.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

111.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

112.   Kohler alleges the Chilis Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Chilis Facility was not exempt under Health and Safety Code § 19956.

113.   Chilis' non-compliance with these requirements at the Chilis Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

XIV. NINTH CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

(The Petsmart Facility)

114.   Kohler incorporates the allegations contained in paragraphs 1 through 113 for this claim.

115.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

116.   Petsmart discriminated against Kohler by denying "full and equal enjoyment"   and   use   of   the   goods,   services,   facilities,   privileges   or

1   accommodations of the Petsmart Facility during each visit and each incident of

2   deterrence.

3            Failure to Remove Architectural Barriers in an Existing Facility

4        117.   The ADA specifically prohibits failing to remove architectural

5   barriers, which are structural in nature, in existing facilities where such removal

6   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

7   achievable" is defined as "easily accomplishable and able to be carried out

8   without much difficulty or expense." Id. § 12181(9).

9        118.   When an entity can demonstrate that removal of a barrier is not

10  readily achievable, a failure to make goods, services, facilities, or

11  accommodations available through alternative methods is also specifically

12  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

13       119.   Here, Kohler alleges that Petsmart can easily remove the

14  architectural barriers at Petsmart Facility without much difficulty or expense, and

15  that Petsmart violated the ADA by failing to remove those barriers, when it was

16  readily achievable to do so.

17       120.   In the alternative, if it was not "readily achievable" for Petsmart to

18  remove the Petsmart Facility's barriers, then Petsmart violated the ADA by

19  failing to make the required services available through alternative methods,

20  which are readily achievable.

21            Failure to Design and Construct an Accessible Facility

22       121.   On information and belief, the Petsmart Facility was designed or

23  constructed (or both) after January 26, 1992—independently triggering access

24  requirements under Title III of the ADA.

25       122.   The ADA also prohibits designing and constructing facilities for first

26  occupancy after January 26, 1993, that aren't readily accessible to, and usable by,

27

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

123.  Here, Petsmart violated the ADA by designing or constructing (or both) the Petsmart Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[7]

### Failure to Make an Altered Facility Accessible

124.  On information and belief, the Petsmart Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

125.  The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

126.  Here, Petsmart altered the Petsmart Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

127.  The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[7]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

Kohler v. Petsmart, Inc., et al.
Plaintiff's Complaint

128.   Here, Petsmart violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Petsmart Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

129.   Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

130.   Kohler also seeks a finding from this Court (*i.e., declaratory relief*) that Petsmart violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XV. TENTH CLAIM

### Disabled Persons Act

(The Petsmart Facility)

131.   Kohler incorporates the allegations contained in paragraphs 1 through 130 for this claim.

132.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

133.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

134.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

135.   Here, Petsmart discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1   Petsmart Facility.  The Petsmart also violated Kohler's rights under the ADA,
2   and, therefore, infringed upon or violated (or both) Kohler's rights under the
3   Disabled Persons Act.

4        136.  <u>For each offense</u> of the Disabled Persons Act, Kohler seeks actual
5   damages (both general and special damages), statutory minimum damages of one
6   thousand dollars ($1,000), declaratory relief, and any other remedy available
7   under California Civil Code § 54.3.

8        137.  He also seeks to enjoin Petsmart from violating the Disabled Persons
9   Act (and ADA) under California Civil Code § 55, and to recover reasonable
10  attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

11  XVI. ELEVENTH CLAIM
12  **Unruh Civil Rights Act**
13  (The Petsmart Facility)

14       138.  Kohler incorporates the allegations contained in paragraphs 1
15  through 137 for this claim.

16       139.  California Civil Code § 51 states, in part, that: All persons within the
17  jurisdiction of this state are entitled to the full and equal accommodations,
18  advantages, facilities, privileges, or services in all business establishments of
19  every kind whatsoever.

20       140.  California Civil Code § 51.5 also states, in part, that: No business
21  establishment of any kind whatsoever shall discriminate against any person in
22  this state because of the disability of the person.

23       141.  California Civil Code § 51(f) specifically incorporates (by reference)
24  an individual's rights under the ADA into the Unruh Act.

25       142.  Petsmart's aforementioned acts and omissions denied the physically
26  disabled public—including Kohler—full and equal accommodations, advantages,

27
28

1  facilities, privileges and services in a business establishment (because of their

2  physical disability).

3      143.   These acts and omissions (including the ones that violate the ADA)

4  denied, aided or incited a denial, or discriminated against Kohler by violating the

5  Unruh Act.

6      144.   Kohler was damaged by Petsmart's wrongful conduct, and seeks

7  statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

8      145.   Kohler also seeks to enjoin Petsmart from violating the Unruh Act

9  (and ADA), and recover reasonable attorneys' fees and costs incurred under

10 California Civil Code § 52(a).

11                      XVII. TWELFTH CLAIM

12      **Denial of Full and Equal Access to Public Facilities**

13                      (The Petsmart Facility)

14      146.   Kohler incorporates the allegations contained in paragraphs 1

15 through 145 for this claim.

16      147.   Health and Safety Code § 19955(a) states, in part, that: California

17 public accommodations or facilities (built with private funds) shall adhere to the

18 provisions of Government Code § 4450.

19      148.   Health and Safety Code § 19959 states, in part, that: Every existing

20 (non-exempt) public accommodation constructed prior to July 1, 1970, which is

21 altered or structurally repaired, is required to comply with this chapter.

22      149.   Kohler alleges the Petsmart Facility is a public accommodation

23 constructed, altered, or repaired in a manner that violates Part 5.5 of the Health

24 and Safety Code or Government Code § 4450 (or both), and that the Petsmart

25 Facility was not exempt under Health and Safety Code § 19956.

26      150.   Petsmart's non-compliance with these requirements at the Petsmart

27 Facility aggrieved (or potentially aggrieved) Kohler and other persons with

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### XVIII. THIRTEENTH CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

(The Wendy's Facility)

151. Kohler incorporates the allegations contained in paragraphs 1 through 150 for this claim.

152. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

153. Wendy's discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Wendy's Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

154. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

155. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

156. Here, Kohler alleges that Wendy's can easily remove the architectural barriers at the Wendy's Facility without much difficulty or expense, and that Wendy's violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

157. In the alternative, if it was not "readily achievable" Wendy's to remove the Wendy's Facility's barriers, then Wendy's violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

158. On information and belief, the Wendy's Facility was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

159. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

160. Here, Wendy's violated the ADA by designing or constructing (or both) the Wendy's Facility in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[8]

<u>Failure to Make an Altered Facility Accessible</u>

161. On information and belief, the Wendy's Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

162. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with

---

[8] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

Page 33

disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

163. Here, Wendy's altered the Wendy's Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

164. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

165. Here, Wendy's violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Wendy's Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

166. Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

167. Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that Wendy's violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

# XIX. FOURTEENTH CLAIM

## Disabled Persons Act

(The Wendy's Facility)

168. Kohler incorporates the allegations contained in paragraphs 1 through 167 for this claim.

169. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

170. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

171. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

172. Here, Wendy's discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Wendy's Facility.  Wendy's also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

173. For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

174. He also seeks to enjoin Wendy's from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover

reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XX. FIFTEENTH CLAIM

### Unruh Civil Rights Act

(The Wendy's Facility)

175.   Kohler incorporates the allegations contained in paragraphs 1 through 174 for this claim.

176.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

177.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

178.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

179.   Wendys' aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

180.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

181.   Kohler was damaged by Wendys' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

182.   Kohler also seeks to enjoin Wendy's from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXI. SIXTEENTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Wendy's Facility)

183.   Kohler incorporates the allegations contained in paragraphs 1 through 182 for this claim.

184.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

185.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

186.   Kohler alleges the Wendy's Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that Wendy's Facility was not exempt under Health and Safety Code § 19956.

187.   Wendys' non-compliance with these requirements at the Wendy's Facility aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities.   Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XXX. SEVENTEENTH CLAIM

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

(The Entire Facility)

188. Kohler incorporates the allegations contained in paragraphs 1 through 187 for this claim.

189. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

190. LEM discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Entire Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

191. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

192. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

193. Here, Kohler alleges that LEM can easily remove the architectural barriers at the Entire Facility without much difficulty or expense, and that LEM

1  violated the ADA by failing to remove those barriers, when it was readily
2  achievable to do so.

3       194.  In the alternative, if it was not "readily achievable" for LEM to
4  remove the Entire Facility's barriers, then LEM violated the ADA by failing to
5  make the required services available through alternative methods, which are
6  readily achievable.

7                    Failure to Design and Construct an Accessible Facility

8       195.  On information and belief, the Entire Facility was designed or
9  constructed (or both) after January 26, 1992—independently triggering access
10  requirements under Title III of the ADA.

11      196.  The ADA also prohibits designing and constructing facilities for first
12  occupancy after January 26, 1993, that aren't readily accessible to, and usable by,
13  individuals with disabilities when it was structurally practicable to do so. 42
14  U.S.C. § 12183(a)(1).

15      197.  Here, LEM violated the ADA by designing or constructing (or both)
16  the Entire Facility in a manner that was not readily accessible to the physically
17  disabled public—including Kohler—when it was structurally practical to do so.[9]

18                    Failure to Make an Altered Facility Accessible

19      198.  On information and belief, the Entire Facility was modified after
20  January 26, 1992, independently triggering access requirements under the ADA.

21      199.  The ADA also requires that facilities altered in a manner that affects
22  (or could affect) its usability must be made readily accessible to individuals with
23  disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an
24  area that contains a facility's primary function also requires adding making the

25
26
27
28

---

[9]  Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
     private attorney general under either state or federal statutes.
*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

200.   Here, LEM altered the Entire Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

201.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

202.   Here, LEM violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Entire Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

203.   Kohler seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

204.   Kohler also seeks a finding from this Court (*i.e.,* declaratory relief) that LEM violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XXXI. EIGHTEENTH CLAIM

### Disabled Persons Act

### (The Entire Facility)

205.   Kohler incorporates the allegations contained in paragraphs 1 through 204 for this claim.

206.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

207.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

208.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

209.   Here, LEM discriminated against the physically disabled public— including Kohler—by denying them full and equal access to the Entire Facility. LEM also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

210.   For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

211.   He also seeks to enjoin LEM from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

### XXXII. NINETEENTH CLAIM

### Unruh Civil Rights Act

(The Entire Facility)

212.   Kohler incorporates the allegations contained in paragraphs 1 through 211 for this claim.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

213. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

214. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

215. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

216. LEM's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

217. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

218. Kohler was damaged by LEM's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

219. Kohler also seeks to enjoin LEM from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXXIII. TWENTIETH CLAIM

### Denial of Full and Equal Access to Public Facilities

(The Entire Facility)

220. Kohler incorporates the allegations contained in paragraphs 1 through 219 for this claim.

1    221.  Health and Safety Code § 19955(a) states, in part, that: California

2  public accommodations or facilities (built with private funds) shall adhere to the

3  provisions of Government Code § 4450.

4    222.  Health and Safety Code § 19959 states, in part, that: Every existing

5  (non-exempt) public accommodation constructed prior to July 1, 1970, which is

6  altered or structurally repaired, is required to comply with this chapter.

7    223.  Kohler alleges the Entire Facility is a public accommodation

8  constructed, altered, or repaired in a manner that violates Part 5.5 of the Health

9  and Safety Code or Government Code § 4450 (or both), and that Entire Facility

10  was not exempt under Health and Safety Code § 19956.

11    224.  LEM's non-compliance with these requirements at the Entire

12  Facility aggrieved (or potentially aggrieved) Kohler and other persons with

13  physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees

14  pursuant to Health and Safety Code § 19953.

### XXXIV. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against BB&B for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that BB&B violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[10]

5.    Interest at the legal rate from the date of the filing of this action.

---

[10] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

## XXXV. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Chilis for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Chilis violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[11]

5.     Interest at the legal rate from the date of the filing of this action.

## XXXVI. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Petsmart for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Petsmart violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[12]

5.     Interest at the legal rate from the date of the filing of this action.

## XXXVII. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Wendy's for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

---

[11]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[12]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

1     2.     Declaratory relief that Wendy's violated the ADA for the purposes
2 of Unruh Act or Disabled Persons Act damages.

3     3.     Statutory minimum damages under either sections 52(a) or 54.3(a)
4 of the California Civil Code (but not both) according to proof.

5     4.     Attorneys' fees, litigation expenses, and costs of suit.[13]

6     5.     Interest at the legal rate from the date of the filing of this action.

7                     **XXXVIII. PRAYER FOR RELIEF**

8     WHEREFORE, Kohler prays judgment against LEM for:

9     1.     Injunctive relief, preventive relief, or any other relief the Court
10 deems proper.

11     2.     Declaratory relief that LEM violated the ADA for the purposes of
12 Unruh Act or Disabled Persons Act damages.

13     3.     Statutory minimum damages under either sections 52(a) or 54.3(a)
14 of the California Civil Code (but not both) according to proof.

15     4.     Attorneys' fees, litigation expenses, and costs of suit.[14]

16     5.     Interest at the legal rate from the date of the filing of this action.

17

18 DATED: May 23, 2011         DISABLED ADVOCACY GROUP, APLC

19

20

21                       LYNN HUBBARD, III
                          Attorney for Plaintiff

22

23

24

25

26

27

---

[13]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
[14]   This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge J. Spencer Letts and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## CV11- 4451 JSL (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRIS KOHLER,

PLAINTIFF(S)

v.

SEE ATTACHED SHEET

Bed Bath ; Beyond of
California, LLC

DEFENDANT(S).

CASE NUMBER

**CV 11 - 04451** ISL (SPx)

**SUMMONS**

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, LYNN HUBBARD, III_____, whose address is _Law Office of Lynn Hubbard,  12 Williamsburg Lane, Chico, CA  95926_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: __MAY 24 2011__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

ORIGINAL

1   LYNN HUBBARD, III, SBN 69773
    **DISABLED ADVOCACY GROUP, APLC**
2   12 Williamsburg Lane
    Chico, CA 95926
3   Telephone: (530) 895-3252
    Facsimile: (530) 894-8244
4   Email: USDCCentral@HubsLaw.com

5   Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13  CHRIS KOHLER,                    )   No.
                                     )
14          Plaintiff,               )
                                     )   **Plaintiff's Complaint**
15      vs.                          )
                                     )
16  BED BATH & BEYOND of             )
17  CALIFORNIA, LLC dba BED          )
    BATH & BEYOND #1136;             )
18  BRINKER RESTAURANT               )
19  CORPORATION dba CHILIS           )
    GRILL & BAR #1169; PETSMART,     )
20  INC. dba PETSMART #1362;         )
21  WENDY'S INTERNATIONAL,           )
    INC. dba WENDY'S #10574; LAKE    )
22  ELSINORE MARKETPLACE, LLC,       )
23          Defendants.              )
    _____ )
24

25

26

27

28

*Kohler v. Petsmart, Inc., et al.*
Plaintiff's Complaint

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| CHRIS KOHLER | SEE ATTACHED SHEET |

| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): SAN DIEGO | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Lynn Hubbard, III, SBN 69773 LAW OFFICE OF LYNN HUBBARD 12 Williamsburg Lane Chico, CA 95926  (530) 895-3252 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ excess $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S. C. Section 12100, et seq. ongoing violations of ADA Construction Standards

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII. IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s): ___

CV 11 - 04451 JSL (SPx)

**FOR OFFICE USE ONLY:** Case Number: ___

CV-71 (01/03)                    CIVIL COVER SHEET                    Page 1 of 2

MAY 2 4 2011

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B.  Involve the same or substantially the same parties or property;
☐ C.  Involve the same patent, trademark or copyright;
☐ D.  Call for determination of the same or substantially identical questions of law, or
☐ E.  Likely for other reasons  may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

SAN DIEGO COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.

LOS ANGELES COUNTY, SACRAMENTO COUNTY

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

RIVERSIDE COUNTY

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   May 23, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

DEFENDANT'S LIST

1. BED BATH & BEYOND of CALIFNORIA, LLC dba BED BATH & BEYOND #1136;
2. BRINKER RESTAURANT CORPORATION dba CHILIS GRILL & BAR #1169;
3. PETSMART, INC. dba PETSMART #1362;
4. WENDY'S INTERNATIONAL, INC. dba WENDY'S #10574;
5. LAKE ELSINORE MARKETPLACE, LLC