Lynn Hubbard III, SBN 69773
**Disabled Advocacy Group APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone:        530-895-3252
Facsimile:        530-894-8244
Email:      USDCCentral@hubslaw.com

United States District Court

Central District of California

| | | |
|---|---|---|
| Chris Kohler, | ) | Case No. 2:11-cv-4451 RSWL (SPx) |
| | ) | |
| Plaintiff, | ) | **Memorandum of Points and** |
| | ) | **Authorities in support of Motion to:** |
| vs. | ) |    **1) Strike Affirmative Defenses** |
| | ) |       **under Rule 12(f), or** |
| Bed Bath & Beyond of California, | ) |    **2) For summary Judgment or** |
| LLC, et al., | ) |       **partial summary judgment, in** |
| | ) |       **the alternative, under Rule 56.** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Date: Weds. Feb. 1, 2012
Time: 10:00 A.M.

Honorable Judge Ronald Lew

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**
Page i

## Background

On June 28, 2011, Bed Bath & Beyond of California, LLC ("BBB") answered Chris Kohler's complaint for damages, injunctive and declaratory relief, and attorney fees and costs under Title III of the Americans with Disabilities Act of 1990 ("Title III" or "ADA"), the California Health and Safety Code, California's Disabled Persons Act ("CDPA"), and the Unruh Civil Rights Act ("Unruh Act"). In that response, the defendant alleged forty-seven affirmative defenses. *Docket No. 10, ¶¶ 45-90.*[1] These defenses are – as we explain in greater detail below – insufficient as a matter of law, or as a matter of pleading, to the claims advanced in this lawsuit; and plaintiff, thus, moves to strike them under Rule 12(f) of the Federal Rules of Civil Procedure. In the alternative, plaintiff moves for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## Discussion

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A defense may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592 at *2 (N.D. Cal. 2005). Although a motion to strike filed after the 21–day period is usually considered untimely, plaintiff has the right to challenge the legal sufficiency of a defense <u>at any time</u>. *Oregon Laborers– Employers Trust Funds v. Pacific Fence & Wire Co.*, 726 F.Supp. 786, 788 (D. Or. 1989). Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that the district court would consider the issue on its own accord even though its attention was prompted by an untimely filed

---

[1]  The affirmative defense paragraphs follow ¶44 of the denials and are renumbered from ¶1. Plaintiff will identify them by defense number rather than paragraph number.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

motion. *See Williams v. Jader Fuel Co., Inc*., 944 F.2d 1388, 1399 (7th Cir. 1991); *United States v. Wang*, 404 F.Supp.2d 1155, 1157 (N.D. Cal. 2005). Thus, our motion to strike, which is directed to the legal sufficiency of BBB's affirmative defenses, should be granted.

The Tenth Circuit, as well as the vast majority of district courts, have extended the *Twombly*/*Iqbal* pleading standard to affirmative defenses. *Robbins v. Oklahoma*, 519 F.3d 1242,1248 (10th Cir. 2008); *Barnes v. AT&T Pension Ben. Plan*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010) (string cite omitted). Although a defense need not include extensive factual allegations in order to give fair notice, (*Security People, Inc*., 2005 WL 645592, at *2), bare statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617, at *7 (N.D. Cal. 2009). A court may also strike matter in an answer that is immaterial or impertinent. F.R.C.P. 12(f). Immaterial matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Impertinent matter does not pertain, and is not necessary, to the issues in question. *Ibid*. Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). No such courtesy is extended under Rule 56.

## A.  Striking of Factually "Insufficient" Affirmative Defenses

As a preliminary matter, Kohler would ask the court to strike all forty-seven defenses that BBB pled in its answer because they fail to provide him with adequate notice. In order for an affirmative defense to be properly pled, it must give the plaintiff fair notice of the defense being advanced. *See, e.g., Barnes v. AT&T Pension Benefit*, 718 F.Supp.2d 1167, 1171-1172 (N.D. Cal. 2010), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v.*

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* Case No. 2:11-cv-4451 RSWL (SPx)
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 2

*Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). Rule 8(c)(1) of the Federal Rules of Civil Procedure governs pleading affirmative defenses and requires that a party "affirmatively state any avoidance or affirmative defense" in the responsive pleading. In pleading an affirmative defense, a defendant must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). Before 2007, the fair notice pleading standard was set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Here, BBB has not alleged sufficient facts to provide notice of the nature of any of its affirmative defenses. In each defense, BBB simply alleges that Kohler is either completely or partially barred from recovery because of an affirmative defense. However, in none of these defenses does BBB point to the existence of some identifiable fact that, if applicable to Kohler, would make its defense plausible on its face. The Thirty-Sixth Defense, for example, accuses Kohler of failing to join necessary parties, without specifying who those "necessary and indispensable" parties may be. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592 (N.D. Cal. 2005) (striking such defense for failure to name parties). The Eighteenth Defense claims that complying with the ADA is not readily achievable, would fundamentally alter the premises, and is not structurally or technically feasible, but fails to allege any facts explaining why a national chain cannot afford to install a $50 sign, or how installing such a sign would fundamentally alter the premises. The Second Defense, statute of limitations, is factually insufficient because BBB has not alleged dates showing the events occurred outside the statutory period. Conclusory statements like these are unacceptable and legally insufficient.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**
Page 3

If the court were to permit legally unsustainable affirmative defenses to survive, Kohler would be required to conduct expensive and potentially unnecessary and irrelevant discovery and suffer undue prejudice. *See, e.g., Barnes*, 718 F.Supp.2d at 1172-1173. Because the Supreme Court created the *Twombly/Iqbal* standard to prevent such shotgun pleadings, and because the failure to allege supporting facts renders these defenses legally "insufficient" under that standard, Kohler would ask the court to strike them under Rule 12(f).

## B. Striking of Negative Defenses Inappropriately Pled as Affirmative Defenses

Kohler also moves the court to strike affirmative defenses raised by BBB (with prejudice) because they are actually negative, not affirmative, defenses. In particular, BBB alleges that it did not deny full and equal access to plaintiff (Ninth Defense); alleged access barriers are "no violation of law" (Seventeenth Defense); areas at issue are not places of public accommodation (Twenty-First Defense); "failure to utilize accommodations" (Twenty-Sixth Defense); Kohler has not provided facts to support a claim for attorney's fees (Forty-Third Defense); Kohler cannot satisfy the elements of his claim (Thirty-Third Defense); BBB did not violate the law (Fortieth Defense), but complied with the law (Thirty-Fifth Defense) and with all duties owed to the public (Thirty-Eighth Defense). These allegations are not affirmative defenses, but, rather, restatements of the denials in the answer. "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." *Zivkovic v. S. Calif. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Such a defense merely rebuts the plaintiff's evidence. By contrast, an affirmative defense precludes liability even if the plaintiff proves all elements of his claim. *Baca*, 233 F.R.D. at 564, citing Black's Law Dictionary 451 (8th ed. 2004); *Barnes*, 718 F.Supp.2d at 1173. It is a defense on which the defendant has the burden of proof. *See, e.g., Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492, n.4 (9th Cir. 1988). Because these defenses simply negate an element of Kohler's prima facie case

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 4

and restate the denials in earlier parts of the Answer, they are redundant and should be stricken to simplify the litigation.

## C.  Striking of Legally Insufficient Defenses

The defendant also pled a number of affirmative defenses that are legally insufficient under any set of facts and should be stricken outright:

1.   Third, Fourth, Twenty-Seventh Defenses – Negligence of Third Parties.

Contrary to Bed Bath & Beyond's suggestion, the negligent conduct of others, including a disabled plaintiff's purported "assumption of the risk," are not defenses to state and federal disabled access claims. A place of public accommodation "is responsible for its own violations of the ADA," and there is "no authority that suggests that liability under the ADA can be reduced in light of the violator's reliance on another individual or entity." *See United States v. AMC Entm't, Inc.,* 232 F.Supp.2d 1092, 1118 (C.D. Cal. 2002), *rev'd on other grounds*, 549 F.3d 760 (9th Cir. 2008). In fact, after an exhaustive search of federal court decisions, we were unable to locate any instance where a negligence-based defense successfully negated a Title III claim. Bed Bath & Beyond's defenses based on the negligence or fault of others thus appear unsupported.[2] Unless defendant can offer authority establishing that negligence-based defenses are, in fact, permitted, they must be stricken as a matter of law.

2.   Seventh, Tenth, Forty-Second Defenses – Good Intentions.

Bed Bath & Beyond also pleads that punitive damages are unavailable because it did not act with evil motives (Forty-Second Defense), but instead acted in accordance on its "good faith" interpretations of the law (Seventh, Thirty-Eighth) and "reasonable business justifications" (Tenth). Kohler, however, did not request

---

[2]   The Twenty-Seventh Defense is particularly troublesome because it attempts to excuse Bed Bath & Beyond's own conduct by blaming the disabled plaintiff for "assuming the risk" of them violating the law.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 5

punitive or exemplary damages in his complaint, nor would such defenses bar a punitive damages recovery if he did. A claim for injunctive relief under Title III of the ADA and damages under parallel state law is not dependent upon a showing of discriminatory intent. *See Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 846 (9th Cir. 2004) ("It is undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of [Title III of] the ADA."). Because Bed Bath & Beyond raises a defense to a claim Kohler never pled, and defendant's intent is irrelevant to the claims he did plead, these legally irrelevant defenses fail as a matter of law and must be stricken.

3.   Sixth Defense – No Basis for Attorneys' Fees Under California Code of Civil Procedure 1021.5.

Plaintiff did not plead a claim under Section 1021.5, California's private attorney general statute, so a defense to that section is legally irrelevant. We agree with Bed Bath & Beyond that Kohler's complaint "fails to state a basis for recovery of his attorneys' fees under Code of Civil Procedure section 1021.5." In fact, in a footnote on page 33 of the complaint, Kohler specifically disclaims any cause of action arising under the private attorney general statute. But whether Kohler alleged facts sufficient to meet Section 1021.5 is irrelevant, because Bed Bath & Beyond is pleading an affirmative defense to a claim Kohler never made. Attorneys' fees are available under other provisions of state and federal law, which are properly pled in the complaint. In fact, all the federal and state claims alleged in plaintiff's complaint contain a <u>mandatory</u> fee-shifting provision.[3]  *See Barrios v. Calif. Interscholastic Fed'n*, 277 F.3d 1128, 1134-37 (9th Cir. 2002).  This defense is legally insufficient and should be stricken.

_____

[3]   Cal. Civ. Code §§52, 54.3, 55; Cal. Health & Safety Code §19953; 42 U.S.C. §12205.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 6

4. Eighth Defense – Equivalent Facilitation.

The defense that Bed Bath & Beyond provided equivalent facilitation fails as a matter of law for two reasons. First, providing equivalent facilitation relieves Bed Bath & Beyond of its duty to comply with the letter of the ADAAG regulations only if it can proffer some explanation of how its facility uses alternative designs or technologies to provide equal or greater access to the disabled. 28 C.F.R. § 36, App. A, § 2.2; *Moeller v. Taco Bell Corp.*, --- F.Supp.2d ----, 2011 WL 4634250, at *33 (N.D. Cal. 2011); *Californians for Disability Rights, Inc. v. Cal. Dept. of Transp.*, 2009 WL 2392156, at *2 (N.D. Cal. 2009) (A departure from a particular requirement of the ADAAG is permitted only to the extent that it is "clearly evident" that the method selected "provides equivalent access to the facility."). Here, Bed Bath & Beyond must not just allude to these "clearly evident" facts in the Answer, but must allege specifics; when denying the existence of a condition precedent to a claim, the pleading party must "specifically allege" that a particular condition precedent has not been performed. *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057-58 (7th Cir. 1988) ("[A] party who intends to controvert the claimant's general allegation of performance is ... given the burden of identifying those conditions he believes are unfulfilled and wishes to put into issue."); *accord*, *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *7 (N.D. Cal. 2006). Specific facts are required under Rule 9(c) to deny a condition precedent to a claim, and Bed Bath & Beyond failed to plead "specifically and with particularity." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). The absence of equivalent facilitation is a condition precedent to Kohler's claim that he encountered barriers to access at the facility. Since Bed Bath & Beyond did not deny the condition precedent with the specificity required, this defense must be stricken as a matter of law.

Second, providing equivalent facilitation under the ADA would not, by itself, excuse violations of California's disability access standards <u>unless</u> the deviation is

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* Case No. 2:11-cv-4451 RSWL (SPx)
Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative

Page 7

authorized by the appropriate building agency. Cal. Health & Safety Code § 19957. Unless the defendant obtained such a hardship exception and could affirmatively aver such a fact under Rule 11, its equivalent facilitation defense would fail (even if it were pled with the requisite particularity). Because Kohler's complaint pleads violations of both ADA and California access standards, and Bed Bath & Beyond's rendering of the equivalent facilitation defense fails to address both, this defense must be stricken as a matter of law.

5.   Thirteenth and Sixteenth Affirmative Defenses – Unclean Hands, Plaintiff's Bad Faith.

Unclean hands does not apply to ADA cases, as the Supreme Court has rejected this defense where a private suit serves important public purposes. *McKennon v. Nashville Banner Publ'q Co.*, 513 U.S. 352, 360 (1995) (quotes and citation omitted). *See also Doe v. Deer Mountain Day Camp, Inc.,* 682 F.Supp.2d 324 (S.D.N.Y. 2010) (applying dicta from *McKennon* to ADA action and barring unclean hands defense). Where Congress authorizes broad equitable relief to serve important national policies, such as eradicating discrimination against the disabled, the affirmative defense of unclean hands is inapplicable as a matter of law. *See McKennon*, 513 U.S. at 360. Because private suits seeking equitable relief under the ADA serve public purposes, the unclean hands defense is insufficient as a matter of law and must be stricken.

Assuming, *arguendo*, that the unclean hands defense did apply to ADA cases, any pleading – complaint or answer – averring inequitable conduct still must be pled with specificity under Rule 9(b). *See, e.g., Delano Farms Co. v. The Cal. Table Grape Comm'n*, 2011 U.S. App. LEXIS 17685, at *34 (Fed. Cir. 2011); *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1325 (Fed. Cir. 2009); *Tenn. Valley Mun. Gas Ass'n v. Fed. Power Comm'n*, 470 F.2d 446, 453 (D.C. Cir. 1972); *Pfizer Inc. v. Teva Pharm. USA, Inc.*, --- F.Supp.2d ----, 2011 WL 3563112, at *19 (E.D.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 8

Va. 2011); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 4948567, at *3 n.5 (N.D. Cal.2011); *Waddington North Am., Inc. v. Sabert Corp.*, 2010 WL 3907036, at *6 (D. N.J. 2010); *Oracle Corp. v. DrugLogic, Inc.*, --- F.Supp.2d ----, 2011 WL 3443889, at *9 (N.D. Cal. 2011). Because the defendant failed to meet this heightened pleading standard, these defenses fail as a matter of law.

6. <u>Eleventh and Twelfth Affirmative Defenses – Waiver and Estoppel</u>.

As a preliminary matter, these defenses must be stricken because a vague allusion to "estoppel" or "waiver" is unintelligible and could refer to any one of several legal doctrines.[4] *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *9 (N.D. Cal. 2006) (striking estoppel defense because defendant did not explain which type of estoppel was alleged). If we assume, *arguendo*, that Bed Bath & Beyond is referring to equitable estoppel, because the ADA is a claim based in equity, it can be employed as an affirmative defense only when the plaintiff has alleged contradictory facts, at least one of which, if accepted by the court, would negate an element of the claim or otherwise bar recovery. *See generally Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999) (remanding estoppel claim when a discrepancy in the record makes determination of conflicting facts impossible). Estoppel typically applies when, among other things, a "party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1249 (2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

To prevail on this defense, Bed Bath & Beyond must allege that Kohler has persuaded the court to accept two positions logically in conflict with each other, through "(1) words, conduct, or acquiescence that induces reliance; (2) willfulness or

---

[4]    In this context, waiver and estoppel are the same defense, and should be stricken because they are both redundant and insufficient as a matter of law.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 9

negligence with regard to the acts, conduct, or acquiescence; [and] (3) detrimental reliance." *Savoury v. U.S. Attorney Gen.*, 449 F.3d 1307, 1319 (11th Cir. 2006), citing *United States v. McCorkle*, 321 F.3d 1292, 1297 (11th Cir. 2003). The affirmative defense of estoppel is pled adequately only where the defendant "allege[d] all the elements." *Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371 n. 3 (9th Cir. 1985). Here, Bed Bath & Beyond has offered no facts to satisfy these elements, proffering only a conclusory statement that Kohler's unspecified "conduct" estopps his claim. Such scant pleading fails to provide Kohler with fair notice, especially when the facts averred in the complaint do not readily lend themselves to such a defense. These defenses must be stricken as a matter of law.

7.   Fourteenth Defense – Justifiable Conduct.

Plaintiff knows of no cases in which an affirmative defense of justification or excuse has been successfully applied to a state or federal disabled access claim. Unless Bed Bath & Beyond knows something that we don't, this defense fails as a matter of law and must be stricken as legally irrelevant.

8.   Fifteenth Defense – Laches.

Laches is also legally irrelevant because the statute of limitations (not laches) governs ADA claims. *See Miller v. Maxwell's Int'l*, 991 F.2d 583, 586 (9th Cir. 1993) (laches is inapplicable when statute of limitations governs an action); *cf., Jarrow Formulas, Inc. v. Nutrition Now*, Inc., 304 F.3d 829, 837 (9th Cir. 2002) (there is a presumption that laches applies in cases where suit is brought outside the statute of limitations). Here, the state and federal claims advanced incorporate a two or three year statute of limitations (depending on which court you ask). *See, e.g., Gatto v. County of Sonoma,* 98 Cal. App. 4th 744, 757-759 (Cal. Ct. App. 2002). Because laches does not apply when a statute of limitations is present, as in this case, this defense must fail as a matter of law. But even if it did not legally fail, it would still fail as a matter of fact because Bed Bath & Beyond failed to allege or prove the two

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* Case No. 2:11-cv-4451 RSWL (SPx)
Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative

Page 10

necessary elements for such a defense: (1) lack of diligence by the party against whom the defense is asserted (*viz.*, Kohler), and (2) prejudice to the party asserting the defense (*viz.*, Bed Bath & Beyond). *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002) (internal quotes and additional citations omitted). Failing to even suggest either element, the defense fails on this ground as well.

9.   Eighteenth Defense – Not Readily/Likely/Structurally Achievable or Technically Achievable.

Defendant also conflates three distinct defenses (readily achievable, structurally practicable, and technically feasible) and invents a new one (likely achievable), all of which fail as a matter of law. First, the readily achievable defense is, indeed, a defense to certain ADA claims, but only applies when an existing facility cannot be brought into compliance with the ADAAG without significant difficulty or expense. In the Ninth Circuit, this means that the facility must be built before 1993, remain unaltered, and the defendant obtained "a pre-approved construction contract for a sum certain which includes detailed plans, impact statements, engineering studies, and permits" showing that the proposed changes are not readily achievable. *Molski v. Foley Estates Vineyard*, 531 F. 3d 1043, 1048-49 (9th Cir. 2008), citing, *inter alia*, *Colo. Cross Disability Coal. v. Hermanson Family Ltd.*, 264 F. 3d 999, 1011 (10th Cir. 2001) (Lucero, J., dissenting); *see also id.* at 1046-50 (readily achievable defense discussed). Here, plaintiff has alleged five barriers at the facility. In response, Bed Bath & Beyond has alleged <u>nothing</u>. Without allegations offering basic factual support, Bed Bath & Beyond cannot avail itself of the readily achievable defense, and it must be stricken as a matter of law.

Second, "technical infeasibility" is also an affirmative defense, but, like readily achievable, it applies only to very limited circumstances – *i.e.*, facilities altered after January 26, 1992 in which it was "virtually impossible to comply fully with applicable accessibility standards through a planned alteration." 28 C.F.R. §§

*Kohler v. Bed Bath & Beyond of California, LLC, et. al*, Case No. 2:11-cv-4451 RSWL (SPx)
Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative

Page 11

36.402(a)(1), 36.402(c). As the Department of Justice explained in the 1991 version of the ADA Accessibility Guidelines, compliance is only technically infeasible when an alteration of a facility has little likelihood of being accomplished because existing structural conditions would require removing or altering a load-bearing member, which is an essential part of the structural frame, or because other existing physical or site constraints prohibit modifications in full and strict compliance with the minimum requirements for new construction. 28 C.F.R. Pt. 36, App. A § 4.1.6.1(j). Here, Bed Bath & Beyond has not identified any areas of its facility that were altered, or explained why making its facility accessible to the disabled was technically infeasible. Because the facility's structural integrity is not in doubt, there is no set of facts under which this defense would succeed, and they must be stricken as a matter of law.

Third, "structural impracticality" is also an affirmative defense to a claim for removing architectural barriers from a newly constructed, privately-owned facility under Title III of the ADA. *See* 42 U.S.C. § 12183(a); 28 C.F.R. § 36.401(c). This defense, however, is limited to facilities designed and constructed over marshlands or water, and proposed changes that would literally destroy the integrity of the facility. 28 C.F.R. Pt. 36, App. B, pp. 740-741 (2009). Despite its suggestive name, Bed Bath & Beyond is not, in fact, a bath nor is it built on water or marshland. The facility is located in the middle of northern California (specifically, in a mall in the City of Chico), a location hardly known for its marshes or waterfront commercial facilities. Assuming, *arguendo*, the facility qualifies as new construction – designed and constructed for first occupancy after 1992 or 1993, depending on the circumstances – there is no set of facts that can support this defense, and it will fail as a matter of law. *See* 28 C.F.R. § 36.401; 28 C.F.R. Pt. 36, App. B, pp. 737-38 (2009).

Finally, a comprehensive search of all federal cases reveals that "likely achievable" has never been employed as a defense to an ADA claim by any court in

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

the United States. This nonexistent "defense" should also be stricken as a matter of law.

10.        Nineteenth Defense – Notice.

The Ninth Circuit has held that Congress intentionally omitted a notice provision from Title III, so plaintiffs do not need to notify defendants that they suffered discrimination to recover damages, attorney fees, costs, or legal expenses. *See* 42 U.S.C. § 12188(a)(1); *Botosan v. Paul McNally Realty*, 216 F.3d 827, 831-32 (9th Cir. 2000) ("A plaintiff in a private Title III action is not required to provide notice to any state or local agency as a prerequisite to filing suit."). The CDPA and Unruh Act do have a notice provision, but the *Erie* Doctrine and federal preemption universally bar its use in federal court. *See* Calif. Civil Code § 55.54; *Kohler v. Chico Mall, LP*, 758 F.Supp.2d 976, 984-85 (E.D. Cal. 2010); *see also Oliver v. Hot Topic, Inc.*, 2010 WL 4261473 (S.D. Cal. July 27, 2010).  Any allegation based on Kohler's purported failure to provide notice of noncompliance prior to filing suit is in direct conflict with Ninth Circuit precedent and must be stricken as a matter of law.

11.        Twentieth Defense – Reliance Upon Municipal Permits/Vested Rights.

Ignoring federal supremacy, Bed Bath & Beyond states that its ADA violations were privileged because it relied in good faith on building permits from the city government. As one might expect, the ADA expressly preempts local laws that allow the building or alteration of structures that afford less protection to the disabled. *See* 42 U.S.C. § 12201(b) (providing exemption from preemption only for those state or local laws that provide *greater* protection to the disabled); *United States v. AMC Entm't, Inc.*, 232 F.Supp.2d 1092, 1118 (C.D. Cal. 2002), *rev'd on other grounds*, 549 F.3d 760 (9th Cir. 2008). Reliance on local building authorities cannot offer any quarter for Bed Bath & Beyond, as the U.S. Department of Justice has rejected such reliance in its Technical Assistance Manual ("TAM"), which the Ninth Circuit has

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 13

extended *Chevron* deference.[5] TAM § III-9.2000 (1993) ("May code officials issue binding interpretations of ADA accessibility provisions at the local level? No."). To allow a city building inspector to override an act of Congress would defy common sense – not to mention the Supremacy Clause. This defense must be stricken.

12. Twenty-First Defense – Not Primary Function Area.

Defendant mistakenly argues that the liability imposed for violating state and federal disabled access laws only extends to "primary function areas" of a facility. Liability under the ADA extends to an entire public accommodation if it has made alterations that could affect usability. 42 U.S.C. § 12183(a)(2); § 12182. If alterations were made, a defendant is liable if those altered areas – regardless of their function – "are not made readily accessible to disabled individuals to the maximum extent feasible." *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 369 (2d Cir. 2008) (adding that paths of travel to primary function areas must also comply with ADA requirements). "Even in the absence of alterations, a defendant nonetheless discriminates if it fails to remove any existing barriers to accessibility where such removal is readily achievable." § 12182(b)(2)(A)(iv); *Roberts*, 542 F.3d at 369. In short, whether an area is a "primary function" area matters only when a path of travel is at issue. That is not the case here, so this defense is legally irrelevant and fails as a matter of law. Liability under California law is even broader, extending to any business or other place where the public is invited. Cal. Civil Code §§ 51, 51.5, 54.1. This defense must be stricken under California law, as well.

13. Twenty-Second Defense – De Minimis Deviation.

The Ninth Circuit has already rejected the premise that "hypertechnical" or *de minimis* ADAAG deviations do not result in discrimination against the disabled. In case after case, the Ninth Circuit has been prolific and vocal in its support for

---

5 *Miller v. Calif. Speedway Corp.,* 536 F.3d 1020, 1027-1033 (9th Cir. 2008)

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* Case No. 2:11-cv-4451 RSWL (SPx)
Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative

Page 14

hypertechnical ADA claims, opining that ADAAG violations result in the very discrimination the ADA seeks to prevent: they deny individuals with disabilities access to public accommodations. *Chapman v. Pier 1 Imports*, 631 F.3d 939, 945-946 (9th Cir. 2011) ("The ADAAG's requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches."); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 732, n.5 (9th Cir. 2007) ("Although the ADA's requirements are highly technical, they are essential to serve a core function of all civil rights laws: ensuring that the arenas of civic life are open to everyone."); *Long v. Coast Resorts, Inc.,* 267 F.3d 918, 923 (9th Cir. 2001). Accord, *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1140 (E.D. Cal. 2007) (finding no basis in law for distinguishing between "real" ADA violations and merely unintentional "technical" violations). With the weight of Ninth Circuit precedent against it, this defense must be stricken as a matter of law.

14. Twenty-Third Defense –Failure to Mitigate Damages.

Kohler's alleged failure to mitigate damages is legally irrelevant because he is seeking statutory minimum damages. Proof of actual damages, or an attempt to mitigate them, is unnecessary to recover the statutory minimum. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000). Because it is impossible to mitigate damages below the minimum provided by statute, this defense fails as a matter of law and must be stricken.

15. Twenty-Fourth Defense – Undue Hardship/Equivalent Facilitation.

Providing equivalent facilitation under the ADA would not, by itself, excuse violations of California's disability access standards unless the deviation is authorized by the appropriate building agency. Cal. Health & Safety Code § 19957. Unless the defendant obtained such a hardship exception and could affirmatively aver such a fact under Rule 11, its equivalent facilitation defense would fail (even if it

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 15

were pled with the requisite particularity – see Eighth Defense, *infra*). Because Kohler's complaint pleads violations of both ADA and California access standards, and Bed Bath & Beyond's rendering of the equivalent facilitation defense fails to address both, this defense must be stricken as a matter of law.

16. <u>Twenty-Fifth Defense – Reasonable Portion Accessible.</u>

Bed Bath & Beyond claims that its facility does not violate the law because a "reasonable portion" of the premises are accessible to the disabled. There is no "reasonable portion" requirement in the ADA or implementing regulations. Rather, a facility of public accommodation must "be readily accessible to and usable by" the disabled. 28 C.F.R. § 36.211. The ADA and implementing regulations do not excuse business owners from liability for bringing into compliance what they consider to be "reasonable portions" of the facility. Nor has any federal court excused an ADA violation because a defendant made a "reasonable portion" of its facility accessible to the disabled. This defense fails as a matter of law.

17. <u>Twenty-Eighth Defense – Adequate Legal Remedy Exists.</u>

Regardless of whether a legal remedy exists under California law, equitable relief is the only remedy available for ADA violations. 42 U.S.C. § 1288(a). Using a state legal remedy (*i.e.*, damages) to negate concurrent federal equitable ones (*i.e.*, injunctions) would turn the U.S. Constitution's Supremacy Clause on its head. This defense is legally insufficient and must be stricken as a matter of law.

18. <u>Twenty-Ninth Defense – No Basis for Injunctive Relief.</u>

The Ninth Circuit has held that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs,* 251 F.3d 814, 827 (9th Cir. 2001), quoting *Burlington N. R.R. Co. v. Dep't of Revenue,* 934 F.2d 1064, 1074 (9th Cir. 1991); *see also Joshua A. v. Rocklin Unified Sch. Dist.,* 559 F.3d 1036, 1040 (9th Cir. 2009) (noting that

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 16

injunctive relief under the "stay put" provision of the Individuals with Disabilities Education Act "requires no specific showing on the part of the moving party, and no balancing of equities by the court"). *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010). The ADA explicitly provides for injunctive relief against defendants who violate the Act, so Bed Bath & Beyond cannot argue as an affirmative defense that Kohler has no basis for injunctive relief. Accordingly, this defense must be stricken as a matter of law.

19. <u>Thirty-Fourth Defense – Unjust Enrichment Bars Equitable Relief.</u>

Defendant alleges that Kohler would be unjustly enriched by the granting of equitable relief available under the ADA. Title III of the ADA, however, explicitly provides for such relief. 42 U.S.C. § 12188(a)(2). Arguing that a disabled person would be unjustly enriched by the enforcement of a civil rights law is, perhaps, an argument to make to defendant's congressional representative; it is not a defense to the enforcement of the ADA. This defense (which essentially seeks to invalidate an express provision of the ADA based on defendant's personal opinion) is legally irrelevant and should be stricken as a matter of law.

20. <u>Thirty-Seventh Defense – Cost of Alterations is Disproportionate to Benefit.</u>

This defense, that the cost and scope of proposed alterations should not be disproportionate to overall alterations, only applies to alterations to the path of travel to primary function areas, restrooms, drinking fountains, or telephones. 42 U.S.C. § 12183(a)(2). *See, e.g., Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 (2d Cir. 2008); *Huezo v. Los Angeles Comm. College Dist.*, 2007 WL 7289347 (C.D. Cal. Feb. 27, 2007) (discussing disproportionate cost in path of travel claim). As it does not apply to plaintiff's claims grounded in barriers unrelated to paths of travel, it must be stricken as a matter of law.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 17

21. <u>Thirty-Ninth Defense – Unconstitutional.</u>

Bed Bath & Beyond's thirty-ninth defense is a flat denial of wrongdoing coupled with a facile claim that "granting some or all of the relief sought by Plaintiff would violate due process under state and/or federal constitutions and public policy." To the extent this defense simply denies wrongdoing, it is a denial improperly pled as an affirmative defense, and should be stricken for the reasons stated above. As for the argument that ADA claims are unconstitutional, this flies in the face of well-settled precedent upholding the ADA as a valid exercise of Congress's power under Section 5 of the Fourteenth Amendment. *See Botosan*, 216 F.3d at 835-36 (9th Cir. 2000), citing *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997), *cert. denied sub nom., Wilson v. Armstrong*, 524 U.S. 937 (1998); *see also Amos v. Maryland Dep't of Public Safety & Corr. Servs.*, 178 F.3d 212, 223 (4th Cir. 1999) (finding it unnecessary to decide the constitutionality of the ADA under the Commerce Clause because it had determined that the ADA was a valid exercise of congressional power under the Fourteenth Amendment). Despite its broad assertion, Bed Bath & Beyond fails to explain how Kohler's claims are unconstitutional. Without any supporting authority, this defense is legally insufficient and must be stricken.

22.    <u>Forty-Fifth Defense – Not Denied Admittance</u>.

Because the presence of barriers denies disabled persons <u>equal</u> access to a facility, disabled plaintiffs can still remove barriers <u>without</u> suffering a literal denial of access. *Urhausen v. Longs Drug Stores California, Inc.*, 155 Cal.App.4th 254, 262-63 (1st Dist. Cal. Ct. App. 2007)   citing *Donald v. Cafe Royale, Inc.* 218 Cal.App.3d 168, 183 (1st Dist. Cal. Ct. App. 1990); *Boemio v. Love's Restaurant*, 954 F. Supp. 204, 207 (S.D. Cal. 1997); *Hankins v. El Torito Restaurants, Inc.*, 63 Cal.App.4th 510, 521 (1st Dist. Cal. Ct. App. 1998) ("[T]he owner of a public accommodation whose violation of a structural access standard results in the denial of access to a handicapped individual is liable under [the CDPA]"). Despite the

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 18

dictionary definition of "access," the CDPA defines "full and equal access" to mean compliance with the requirements of the ADA and state statutes. Calif. Civil Code § 54.1(a)(3). When a plaintiff actually attempts to patronize a facility, the facility's less than full compliance with those requirements is a denial of full and equal access under the CDPA, and the plaintiff may recover damages under § 52 or § 54.3(a).

23. <u>Forty-Second Defense – Excessive Damages.</u>

Since Kohler is seeking minimum damages provided by statute, his damages cannot conceivably be excessive, as it is impossible for statutory minimum damages to be "excessive." This defense fails as a matter of law.

24. <u>Forty-Sixth Defense – Duplicative Relief.</u>

BBB argues that "Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3 [] for the same act or failure to act." Section 54.3(c) of the California Civil Code requires disabled plaintiffs to choose between the remedies of Sections 52 and 54.3 – they can't have both. Defendant attempts to convert this operation of law, which requires Kohler to choose whether he will seek remedies under the CDPA and Unruh Act, into an affirmative defense. This is in error. Because Plaintiff bears the burden of selecting a remedy, and the remedy he selects will not negate liability, this is not an affirmative defense.

25. <u>Forty-Seventh Defense – Reserved Defenses.</u>

Federal Rule of Civil Procedure 16(b)(3) requires scheduling orders to limit the time to amend the pleadings, and Rule 16(b)(4) provides that a schedule may only be modified upon a showing of good cause and with the judge's consent. Here, BBB attempts to unilaterally reserve the right to amend the pleadings to assert additional defenses. Because the docket is controlled by the court, not the parties, this defense fails as a matter of law, and must be stricken.

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 19

## D. Striking of Non-Affirmative Defenses

Finally, BBB has inappropriately pled certain items as affirmative defenses, despite the fact that they are not. In particular, the defendant has alleged failure to state a claim (First Defense); failure to state a basis for damages (Fifth Defense); no case or controversy (Thirtieth Defense); lack of standing (Thirty-First, Thirty-Second, Thirty-Third Defenses); plaintiff's claims are frivolous and thus cannot satisfy elements of attorney's fees statutes (Forty-Third, Forty-Fourth Defense); plaintiff must elect a remedy (Forty-Sixth Defense); and no injunctive relief is available because plaintiff has an adequate legal remedy or the issues to be enjoined are not "legally significant" (Twenty-Eighth, Twenty-Ninth Defenses). But because these "defenses" are elements in which plaintiff bears the burden of proof, they are proper subject matter to strike under Rule 12(f).

### Conclusion

For the reasons stated above we would ask the court to strike the defendant's affirmative defenses that are: (1) insufficient as a matter of law, and (2) not true affirmative defenses. With respect to those that are insufficient as a matter of pleading, we would ask the court to grant the defense leave to re-plead them under the *Twombly* standard. In the alternative, we ask the court for partial summary judgment under Rule 56.

Dated: December 30, 2011     DISABLED ADVOCACY GROUP, APLC


/s/     Lynn Hubbard III, Esquire            /
LYNN HUBBARD III
Attorney for Plaintiff

*Kohler v. Bed Bath & Beyond of California, LLC, et. al,* **Case No. 2:11-cv-4451 RSWL (SPx)**
**Motion to Strike Affirmative Defenses under Rule 12(f), Motion for Summary Judgment in the Alternative**

Page 20