JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK (Bar No. 083908), morlick@jmbm.com
MATTHEW S. KENEFICK (Bar No. 227298), mkenefick@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California  94111-3824
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584

Attorneys for Defendant Bed Bath & Beyond of
California Limited Liability Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>BED BATH & BEYOND OF CALIFORNIA, LLC dba BED BATH & BEYOND #1136 et al.<br><br>                    Defendants. | CASE NO.  11-4451 JSL<br><br>**DEFENDANT BED BATH & BEYOND OF CALIFORNIA LIMITED LIABILITY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOCUMENT NO. 38)**<br><br>Date:        February 1, 2012<br>Time:       10:00 a.m.<br>Judge:      The Hon. Ronald Lew |

PRINTED ON RECYCLED PAPER

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ....................................................................................................2

        A.      BBB's Initial Answer Raised 47 Affirmative Defenses To Address Plaintiff's Counsel's Litigation Tactics ......................................................2

        B.      BBB Hereby Withdraws 27 Affirmative Defenses To Conform To Changes In The Posture Of This Case And Recent Caselaw Developments..........................................................................................3

III.    LEGAL ARGUMENT ..........................................................................................4

        A.      The Court Should Deny Plaintiff's Motion To Strike BBB's Affirmative Defenses Because BBB's Remaining Affirmative Defenses Satisfy The Fair Notice Pleading Standards............................4

                1.      Failure to State Claim [First Affirmative Defense].....................6

                2.      Statute of Limitations [Second Affirmative Defense]..................7

                3.      Conduct of Third Parties [Third Affirmative Defense]; Negligence of Third Parties [Fourth Affirmative Defense] .........7

                4.      No Basis for Damages [Fifth Affirmative Defense]....................7

                5.      Defendant's Good Faith [Seventh Affirmative Defense]..............8

                6.      Equivalent Facilitation [Eighth Affirmative Defense] ................8

                7.      Legitimate Business Purpose [Tenth Affirmative Defense].........8

                8.      Unclean Hands [Thirteenth Affirmative Defense] .......................9

                9.      Not Readily or Likely Achievable [Eighteenth Affirmative Defense] ..................................................................................10

                10.     Reliance Upon Municipal Permits/Vested Rights [Twentieth Affirmative Defense] ..............................................10

                11.     *De Minimis* Deviations [Twenty-Second Affirmative Defense] ..................................................................................11

                12.     Reasonable Portion of Facility Accessible [Twenty-Fifth Affirmative Defense]....................................................................11

                13.     Existence of Adequate Legal Remedy [Twenty-Eighth Remaining Affirmative Defense] ..............................................11

                14.     No Basis for Injunctive Relief [Twenty-Ninth Affirmative Defense]..................................................................................12

SF 1276842v2

- i -       CASE NO. 11-4451 JSL
            OPPOSITION TO MOTION TO STRIKE

PRINTED ON

RECYCLED PAPER

**TABLE OF CONTENTS**
**[Continued]**

Page

15. No Case or Controversy [Thirtieth Affirmative Defense]..........12

16. Lack of Standing for Injunctive Relief [Thirty-First Affirmative Defense].................................................................13

17. Standing-No Injury in Fact [Thirty-Second Affirmative Defense].................................................................13

18. Article III Standing [Thirty-Third Affirmative Defense]..........14

19. Defendant's Attorneys' Fees [Forty-Fourth Affirmative Defense].................................................................15

B. The Court Should Deny Plaintiff's Motion For Partial Summary Judgment .................................................................15

C. If The Court Is Inclined To Grant Plaintiff's Motion, Then it Should Grant BBB Leave To Amend Its Answer...............................16

IV. CONCLUSION .................................................................16

PRINTED ON

RECYCLED PAPER

Jeffer Mangels
Butler & Mitchell LLP

JMBM

SF 1276842v2

**- ii -**

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Access Now, Inc. v. South Florida Stadium Corp.*,
161 F.Supp.2d 1357 (S.D. Fla. 2001)..................................................................10

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ............................................................................................16

*Barnes v. AT&T Pension Benefit Plan*,
718 F.Supp.2d 1167 (N.D. Cal. 2010)..................................................................6

*Bender v. Williamsport Area School District*,
475 U.S. 534 (1986) ............................................................................................14

*Bennett v. Lew*,
151 Cal. App. 3d 1177 (1984)..............................................................................9

*Bureerong v. Uvawas*,
922 F.Supp.1450 (C.D. Cal. 1996).......................................................................5

*Camp v. Jeffer, Mangels, Butler & Marmaro, LLP*,
35 Cal. App. 4th 620 (1995)................................................................................9

*Chair King, Inc. v. Houston Cellular Corporation*,
131 F.3d 507 (5th Cir. 1997)..............................................................................14

*Chapman v. Pier 1 Imports*,
631 F.3d 939 (9th Cir. 2011) ..............................................................3, 6, 7, 13

*Cherry v. City Coll. of San Francisco*,
2006 WL 6602452 (N.D. Cal. Jan. 12, 2006) .....................................................11

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ..............................................................................................12

*Daingerfield Island Protective Soc. v. Babbitt*,
40 F.3d 442 (D.C. Cir. 1994)...............................................................................7

*Dickson, Carlson v. Pole*,
83 Cal. App. 4th 436 (2000)................................................................................9

JMBM Jeffer Mangels Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER

**TABLE OF AUTHORITIES**
[Continued]

Page(s)

*EEOC v. Bay Ridge Toyota, Inc.*,
327 F.Supp.2d 167 (E.D. N.Y. 2004)..................................................................5

*Foman v. Davis*,
371 U.S. 178 (1962) ...........................................................................................16

*Garcia v. World Sav.*,
183 Cal. App. 4th 1031 (2010) .............................................................................9

*J&J Sports Productions, Inc. v. Scace*,
2011 WL 2132723 Slip Op. at *1 (S.D. Cal. 2011) .........................................6, 7

*Katz v. Karlsson*,
84 Cal. App. 2d 469 (1948) ..................................................................................9

*Lazar v. Trans Union LLC*,
195 F.R.D. 665 (C.D. Cal. 2000)..........................................................................5

*Lee v. State of Oregon*,
107 F.3d 1382 (9th Cir. 1997) ............................................................................14

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......................................................................12, 13, 14, 15

*MAG Instrument, Inc. v. JS Products, Inc.*,
595 F.Supp.2d 1102 (CD Cal. 2008)....................................................................5

*Martinez v. Newport Beach City*,
125 F.2d 777 (9th Cir. 1997) ..............................................................................16

*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*,
182 F.3d 157 (2nd Cir. 1999) .............................................................................15

*Northern Cal. Power Agency v. Grace Geothermal Corp.*,
469 U.S. 1306 (1984) .........................................................................................12

*Oliver v. Ralphs Grocery Co.*,
654 F.3d 903 (9th Cir. 2011) ................................................................................3

*Peters Winco Foods, Inc.*,
320 F.Supp.2d 1035 (E.D. Cal. 2004)...........................................................2, 3, 15

SF 1276842v2

- iv -

PRINTED ON
RECYCLED PAPER

Jeffer Mangels
Butler & Mitchell LLP

JMBM

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

*RDF Media Ltd v. Fox Broadcasting, Co.*,
    372 F.Supp.2d 556 (C.D. Cal. 2005) ............................................................................4, 5

*SEC v. Sands*,
    902 F.Supp.1149 (C.D. Cal. 1995) ...................................................................................5

*Seymour v. Cariker*,
    220 Cal. App. 2d 300 (1963) ............................................................................................9

*Stanbury Law Firm v. I.R.S.*,
    221 F.3d 1059 (8th Cir. 2000) ..........................................................................................4

*Systems Corp. v. AT&T*,
    60 F.R.D. 692 (S.D. N.Y. 1973) .......................................................................................5

*United States Nat'l Bank of Ore. v. Independent Ins. Agents of Am., Inc.*,
    508 U.S. 439 (1993) .........................................................................................................13

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ...........................................................................................12

*Warth v. Seldin*,
    422 U.S. 490 (1975) .........................................................................................................13

**STATUTES**

United States Code
    42 U.S.C. § 12182(b)(2)(A)(ii) ......................................................................................10
    42 U.S.C. § 12188(a)(1) .................................................................................................12

California Civil Code
    § 52 ....................................................................................................................................4
    § 54.3(a) .............................................................................................................................4
    § 54.3(c) .............................................................................................................................4
    § 55.56, subd. (c) ...............................................................................................................8
    § 3294 .................................................................................................................................9

**RULES AND REGULATIONS**

Code of Federal Regulations
    28 C.F.R. 36.402 ...........................................................................................................8, 11

PRINTED ON

RECYCLED PAPER

**TABLE OF AUTHORITIES**
**[Continued]**

Page(s)

Federal Rules of Civil Procedure

rule 8 ...............................................................................................................................7

rule 8(b)(1)(A) ................................................................................................................5

rule 12(b) ................................................................................................................12, 14

rule 12(b)(1)................................................................................................................14

rule 12(h) ......................................................................................................................13

rule 12(h)(2)....................................................................................................................7

rule 15(a)(2) ..................................................................................................................16

rule 56(c)........................................................................................................................15

PRINTED ON

RECYCLED PAPER

Jeffer Mangels
Butler & Mitchell LLP

JMBM

SF 1276842v2

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

## I.   <u>INTRODUCTION</u>

Plaintiff Chris Kohler ("**Plaintiff**") is represented by the Hubbard law firm.  The Hubbard office files hundreds of disabled access lawsuits each year.  The Hubbard office uses substantially the same complaint for each lawsuit, such as the one filed herein.  In most instances, the rote Hubbard form complaint identifies the same general categories of disabled access barriers and the Hubbard firm seeks to expand the scope of barriers after the lawsuit has significantly progressed, typically after fact discovery is closed.  The net effect is that the issues alleged in a Hubbard lawsuit, such as this one, are a moving target.

Because Defendant Bed Bath & Beyond, Inc. ("**BBB**") had no way of knowing what the issues that Plaintiff's Complaint would ultimately morph into, BBB asserted 47 affirmative defenses in its Answer to preserve its rights.  Plaintiff Chris Kohler has sued BBB for disabled access issues at least 8 times using essentially the same complaint, alleging the same general categories of disabled access issues:

| Store # | Case Name | Case No. | Court |
|---|---|---|---|
| BBB #603 | *Kohler v. Castle & Cooke Corona Crossings I Inc. et al.* | 10-cv-01689 VAP | Central District of California |
| BBB #1136 | *Kohler v. Bed Bath & Beyond of California, LLC et al.* | 11-cv-4451 RSWL | Central District of California |
| BBB #538 | *Kohler v. Bed Bath & Beyond of California, LLC et al.* | 11-cv-4554 DMG | Central District of California |
| BBB #1097 | *Kohler v. Bed Bath & Beyond of California, LLC et al.* | 11-cv-1246 VAP | Central District of California |
| BBB #474 | *Kohler v. Vestar/Kimco Santee, LP et al.* | 11-cv-2025-W-BLM | Southern District of California |

Jeffer Mangels Butler & Mitchell LLP

JMBM

PRINTED ON RECYCLED PAPER

SF 1276842v2

**- 1 -**   CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

| Store # | Case Name | Case No. | Court |
|---|---|---|---|
| BBB #1070 | *Kohler v. Canyon Springs Associates, Ltd. et al.* | 10-cv-5626 RGK | Central District of California |
| BBB #1118 | *Kohler v. Hoprock Limonite, LLC et al.* | 10-cv-6119 JHN | Central District of California |
| BBB #1199 | *Kohler v. Frederick J. Hanshaw et al.* | 10-cv-6243 ODW | Central District of California |

To respond to Plaintiff's boilerplate allegations, BBB asserted 47 affirmative defenses in its Answer.  Plaintiff now challenges BBB's assertion of these affirmative defenses with this Motion, which is somewhat ironic given the generalized allegations contained in Plaintiff's boilerplate Complaint.  In any event, in the spirit of cooperation, BBB agrees to withdraw 27 affirmative defenses from its Answer.

As to the 20 remaining affirmative defenses asserted in BBB's Answer, those defenses are properly pled.  BBB properly alleges each affirmative defense, providing Plaintiff adequate notice of BBB's defenses.  BBB satisfies applicable pleading standards.  The Court should therefore deny Plaintiffs Motion.  If, however, the Court is inclined to grant Plaintiff's Motion, then it should also grant BBB leave to amend its Answer.

## II.    BACKGROUND

### A.    BBB's Initial Answer Raised 47 Affirmative Defenses To Address Plaintiff's Counsel's Litigation Tactics

Whether you view the Hubbard firm as champions for the disabled, or chronic abusers of the court system, the simple fact remains that the Hubbard office files countless disabled access lawsuits each year, all using substantially the same boilerplate complaint containing the same boilerplate allegations.  The net result is that the claims and positions in each case are moving targets, and often change past the pleading stage to maximize settlement leverage.  *See, e.g., Peters Winco Foods,*

PRINTED ON

RECYCLED PAPER

SF 1276842v2

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

*Inc.*, 320 F.Supp.2d 1035 (E.D. Cal. 2004) aff'd, 151 Fed.App'x 549 (9th Cir. 2005) (court awarded defendant $37,563 upon finding that Hubbard's "action was frivolous, unreasonable, or without foundation" and "filed for the purpose of obtaining a quick settlement, rather than remedying barriers to access for the disabled."); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, fn.7 (9th Cir. 2011) ("[Hubbard] later explained that his delays in identifying the barriers at the facility were part of his legal strategy: he purposely 'forces the defense to wait until expert disclosures (or discovery) before revealing a complete list of barriers,' because otherwise a defendant could remove all the barriers prior to trial and moot the entire case.").  Accordingly, BBB asserted in its Answer (Document No. 10) 47 affirmative defenses as a precaution to address Plaintiff's boilerplate Complaint and changing allegations.

### B. BBB Hereby Withdraws 27 Affirmative Defenses To Conform To Changes In The Posture Of This Case And Recent Caselaw Developments

BBB's filed its initial Answer on June 28, 2011, and meaningful legal developments have occurred since that date.  Several key issues regarding disabled access lawsuits were addressed in the case opinions of *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) and *Chapman v. Pier 1 Imports*, 631 F.3d 939 (9th Cir. 2011) -- both Hubbard cases.  To conform to these caselaw developments and the way they have been received and applied by District Courts, as well as the developments and progress of this case, BBB hereby withdraws the following 27 Affirmative Defenses from its Answer:

- Fifth Affirmative Defense -- No Basis for Damages;
- Ninth Affirmative Defense -- No Denial of Full and Equal Access;
- Eleventh Affirmative Defense -- Waiver;
- Twelfth Affirmative Defense -- Estoppel;
- Fourteenth Affirmative Defense -- Justifiable Conduct;
- Fifteenth Affirmative Defense -- Laches;
- Sixteenth Affirmative Defense -- Plaintiff's Bad Faith;
- Seventeenth Affirmative Defense -- No Violation of Law;

SF 1276842v2

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

PRINTED ON

RECYCLED PAPER

- • <u>Nineteenth Affirmative Defense</u> -- Failure to Notify Defendant;
- • <u>Twenty-First Affirmative Defense</u> -- Not Public Accommodation;
- • <u>Twenty-Third Affirmative Defense</u> -- Failure to Mitigate Damages;
- • <u>Twenty-Fourth Affirmative Defense</u> -- Undue Hardship;
- • <u>Twenty-Sixth Affirmative Defense</u> -- Failure to Utilize Accommodations;
- • <u>Twenty-Seventh Affirmative Defense</u> -- Assumption of Risk;
- • <u>Thirty-Fourth Affirmative Defense</u> -- Unjust Enrichment;
- • <u>Thirty-Fifth Affirmative Defense</u> -- ADAAG/California Accessibility Law Compliance;
- • <u>Thirty-Sixth Affirmative Defense</u> -- Failure to Name all Necessary and Indispensible Parties;
- • <u>Thirty-Seventh Affirmative Defense</u> -- Plaintiff's Relief Sought is Disproportionate;
- • <u>Thirty-Eighth Affirmative Defense</u> -- Defendant's Due Care;
- • <u>Thirty-Ninth Affirmative Defense</u> -- Violation of Due Process;
- • <u>Fortieth Affirmative Defense</u> -- Full Compliance with 1991 ADAAG Standards;
- • <u>Forty-First Affirmative Defense</u> -- Damages are Excessive;
- • <u>Forty-Second Affirmative Defense</u> -- Lack of Fraud, Malice and Oppression;
- • <u>Forty-Third Affirmative Defense</u> -- No Basis for Plaintiff's Attorneys' Fees;
- • <u>Forty-Fifth Affirmative Defense</u> -- No Damages-Cal. Civ. Code §§ 52, 54.3(a);
- • <u>Forty-Sixth Affirmative Defense</u> -- No Duplicative Damages-Cal. Civ. Code § 54.3(c); and
- • <u>Forty-Seventh Affirmative Defense</u> -- Reserved Defenses.

## III.    <u>LEGAL ARGUMENT</u>

### A.    <u>The Court Should Deny Plaintiff's Motion To Strike BBB's Affirmative Defenses Because BBB's Remaining Affirmative Defenses Satisfy The Fair Notice Pleading Standards</u>

Motions to strike are disfavored because they are frequently used as delaying tactics and because of the policy favoring resolution on the merits. *See, e.g., Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000); *RDF Media Ltd v.*

*Fox Broadcasting, Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005); *Bureerong v. Uvawas*, 922 F.Supp.1450, 1478 (C.D. Cal. 1996).  When ruling on a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader.  *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

To prevail on a motion to strike an "insufficient defense," plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law; and that plaintiff would be prejudiced by inclusion of the defense.  *See EEOC v. Bay Ridge Toyota, Inc.*, 327 F.Supp.2d 167, 170 (E.D. N.Y. 2004).

Before a motion to strike can be granted, "the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  *Systems Corp. v. AT&T*, 60 F.R.D. 692, 694 (S.D. N.Y. 1973); *SEC v. Sands*, 902 F.Supp.1149, 1165 (C.D. Cal. 1995).

An answer must only "state in short and plain terms" the defenses to each claim asserted.  FRCP 8(b)(1)(A); *MAG Instrument, Inc. v. JS Products, Inc.*, 595 F.Supp.2d 1102, 1107-1108 (CD Cal. 2008).  The fair notice requirement depends on the particular defense, but can be met by the barest of pleadings:

> (t)he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense….  An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense….  [F]air notice does not require that the party plead all the elements of a prima facie case, unless the heightened pleading standard of Rule 9 applies. … **With respect to some defenses, merely pleading the name of the affirmative defense... may be sufficient**…
>
> *MAG Instrument, Inc. v. JS Products, Inc.*, 595 F.Supp.2d 1102, 1107-1108 (CD Cal. 2008)  (internal quotations and citations omitted) (emphasis added).

Plaintiff mischaracterizes the state of the law regarding the appliance of particularized pleading standards to affirmative defenses when he states: "The Tenth Circuit...has extended the Twombly/Iqbal pleading standard to affirmative defenses" (Document 38-1 at 3:5-7) quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)." *Robbins* made no such holding; it assessed the sufficiency of the plaintiff's complaint which asserted § 1983 claims against individual defendants. *Id.* at 1253-1254 ("We...REMAND with instructions to DISMISS the complaint without prejudice for failure to state a claim on which relief can be granted.")  In fact, "neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue." *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2010). Persuasively, the Southern District of California has declined to follow those district courts that have chosen to apply the Twombly standard to affirmative defenses, instead relying on the "fair notice" requirement:

> This Court agrees with the reasoning of those courts which have held that district courts in this Circuit remain bound by the holding of *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). See Trustmark, 2011 WL 587574, at *1. Accordingly, "(t)he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak* 607 F.2d at 827.

> *J&J Sports Productions, Inc. v. Scace*, 2011 WL 2132723 Slip Op. at *1 (S.D. Cal. 2011).

The remaining affirmative defenses (asserted in BBB's Answer) each satisfy the pleading requirements of Twombly/Iqbal:

### 1.    Failure to State Claim [First Affirmative Defense]

To sufficiently allege the essential elements of Article III standing, a plaintiff must allege in his/her Complaint how the alleged barriers affected his/her disability so as to deny him/her "full and equal access." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 954-955 (9th Cir. 2011).  BBB alleges as its First Affirmative Defense

PRINTED ON

RECYCLED PAPER

SF 1276842v2

**- 6 -**

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

that Plaintiff's Complaint fails to state a claim because Plaintiff cannot establish an injury in fact because this lawsuit "is frivolous and solely intended to coerce Bed Bath & Beyond into paying supportable damages and unwarranted legal fees." *See* Document No. 10 at page 9 at lines 3-8.  Further, Federal Rule of Civil Procedure 12(h)(2) expressly permits the defense of the failure to state a claim in an answer. *J&J Sports Productions, Inc. v. Scace,* 2011 WL 2132723 at fn 1, Slip Op. at *1 (S.D. Cal. 2011).  This legally sufficient and cognizable defense has been properly pled.

### 2.   Statute of Limitations [Second Affirmative Defense]

BBB alleges that Plaintiff's claims are barred by the expiration of the applicable statute of limitations.  *See* Document No. 10 at page 9, lines 9-13.  This is sufficient.  BBB can raise the statute of limitations affirmative defense simply by alleging "(t)his claim is barred by the statute of limitations." *Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994) (limitations defense "sufficiently raised for purposes of Rule 8 by its bare assertion").  BBB sufficiently and appropriately alleges this affirmative defense.

### 3.   Conduct of Third Parties [Third Affirmative Defense]; Negligence of Third Parties [Fourth Affirmative Defense]

BBB alleges as its third and fourth affirmative defenses that it is not liable for injuries or damages caused to Plaintiff by the conduct of third-parties. Document No. 10 at page 9, lines 14-19; page 9 line 20 through page 10 line 3.  It is axiomatic, under any legal theory, that BBB is only liable for conduct which it causes.  These affirmative defenses are therefore appropriate and properly pled.

### 4.   No Basis for Damages [Fifth Affirmative Defense]

BBB alleges as its fifth affirmative defense that Plaintiff "fails to state a basis for recovery of damages from Defendant," which is based on *Chapman v. Pier 1 Import*s, 631 F.3d 939 (9th Cir. 2011) because Plaintiff cannot establish that he suffered any cognizable injury in fact.  *See* Document No. 10 at page 10 at lines 4-7. This is a legally sufficient cognizable defense.

### 5.   Defendant's Good Faith [Seventh Affirmative Defense]

BBB alleges as its seventh affirmative defense that it "acted on good faith interpretations of disabled access laws and provisions…"  Document No. 10 at p.10 lines 14-18.  Plaintiff claims this is inapplicable to his federal ADA claims; however, several of Plaintiff's claims against BBB arise under California state law.  Plaintiff's own Motion, which does not address the applicability of this affirmative defense to California state laws, effectively concedes that this defense is applicable to Plaintiff's claims arising under California state law.  BBB's affirmative defense is therefore appropriate and sufficiently plead.

### 6.   Equivalent Facilitation [Eighth Affirmative Defense]

As its eighth affirmative defense, BBB alleges that it "made available to Plaintiff, as well as other similarly situated disabled individuals, equivalent facilitation with provided full and equal access…"  Document No. 10 at lines 19-24.  The defense of providing "equivalent or effective access" is expressly codified by ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).  Further, this is an important defense to Plaintiff's Unruh Act claims as minimum statutory damages are only available if Plaintiff can prove that experienced difficulty, discomfort, or embarrassment as a result of personally encountering the ADA violation.  *See* Cal. Civ. Code, § 55.56, subd. (c).  If Plaintiff achieved equivalent facilitation, he cannot demonstrate that he experienced difficulty, discomfort, or embarrassment.  This is an appropriate and expressly authorized affirmative defense.

### 7.   Legitimate Business Purpose [Tenth Affirmative Defense]

BBB alleges as its tenth affirmative defense that to the extent BBB committed any acts or omissions at all, those acts or omissions were done in good faith pursuant to reasonable business justifications and do not constitute intentional acts or omissions resulting in any discrimination against disabled persons or anyone else.  Document No. 10 at page 11, line 2-8.  This is important defense because

Plaintiff cannot demonstrate that BBB acted with fraud, oppression, or malice, and therefore, cannot recover punitive damages.  *See* Cal. Civ. Code, § 3294.  This is an appropriate affirmative defense and is properly alleged.

### 8.     Unclean Hands [Thirteenth Affirmative Defense]

BBB alleges as its thirteenth affirmative defense that Plaintiff's claims are barred under the doctrine of unclean hands because "Plaintiff and his counsel are deliberately targeting Defendant's stores and asserting false and deliberately misleading accusations about access barriers and discrimination."  Document No. 10 at page 11, lines 17-25.

The doctrine of unclean hands is "far more than a mere banality.  It closes the doors of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relieve, **however improper may have been the behavior of the defendant**."  *Camp v. Jeffer, Mangels, Butler & Marmaro, LLP*, 35 Cal. App. 4th 620, 638 (1995) (emphasis added).  "In California, the doctrine of unclean hands may apply to legal as well as equitable claims… and both tort and contract remedies."  *Id*.  Under California's doctrine of unclean hands, "inequitable conduct by the plaintiff in connection with the matter in controversy and **provides a complete defense to the plaintiff's action**."  *Dickson, Carlson v. Pole*, 83 Cal. App. 4th 436, 446 (2000) (emphasis added).  The "decision whether to apply the defense based on the facts presented is a matter within the trial court's discretion."  *Garcia v. World Sav.*, 183 Cal. App. 4th 1031, 1044 (2010).

To invoke the doctrine of unclean hands, a plaintiff's improper conduct need not be of a criminal character, nor even of a nature sufficient to constitute the basis of a cause of action against him/her.  The plaintiff's hands are rendered unclean within the purview of the maxim by any form of conduct that, in the eyes of honest and fair-minded persons, may properly be condemned and pronounced wrongful. *Katz v. Karlsson*, 84 Cal. App. 2d 469 (1948); *Seymour v. Cariker*, 220 Cal. App. 2d 300 (1963); *Bennett v. Lew*, 151 Cal. App. 3d 1177 (1984).

Here, BBB properly alleges that Plaintiff's improper pattern of filing baseless lawsuits, including this one, for the improper purpose of extorting monetary settlements infects Plaintiff's claims in this lawsuit.  This precludes Plaintiff's recovery in this lawsuit under the doctrine of unclean hands.  BBB therefore properly pleads this defense and the Court should deny Plaintiff's Motion.

**9.    Not Readily or Likely Achievable [Eighteenth Affirmative Defense]**

BBB alleges as its eighteenth affirmative defense that "any further action by Defendant to ensure no individual with a disability is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration" of the Store in a manner that is not readily or likely acheivable.  Document No. 10 at page 12 lines 22-28.  Remediations being "not readily achievable" is a well recognized valid affirmative defense.  *See*, *e.g.*, *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D. Fla. 2001) ("Courts addressing the issue generally agree that [42 U.S.C. § 12182(b)(2)(A)] subdivision (v) provides an affirmative defense.")  Further, 42 U.S.C. § 12182(b)(2)(A)(ii) recognizes as an affirmative defense the fact that remediation of the disabled access barriers would impose a "fundamental alteration."

**10.    Reliance Upon Municipal Permits/Vested Rights [Twentieth Affirmative Defense]**

BBB alleges as its twentieth affirmative defense that "all applicable legal requirements pertaining to access to the Store by disabled persons have been complied with through all necessary permits obtained from appropriate authorities for construction, alteration or structural modification of the Store and Defendant reasonably relied upon powers vested in those authorities and that such permits conferred vested rights in Defendant."  Document No. 10 at page 13 lines 8-14.  Plaintiff argues that federal law does not recognize this as a defense; however, Plaintiff asserts claims against BBB under California state law.  Plaintiff's own

Motion, which does not address the applicability of this affirmative defense to California state laws, effectively concedes that this defense is applicable to Plaintiff's claims arising under California state law. BBB's affirmative defense is therefore appropriate and sufficiently plead.

### 11. *De Minimis* Deviations [Twenty-Second Affirmative Defense]

BBB alleges that Plaintiff fails to "state a claim for relief as the alleged access violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or construction tolerances." Document No. 10 at page 13 lines 20-26. All dimensions pertaining to disabled access are subject to applicable construction tolerances for field conditions. *See*, *e.g.*, *Cherry v. City Coll. of San Francisco*, 2006 WL 6602452, at *6 (N.D. Cal. Jan. 12, 2006). There is a split of authority as to whether it should be raised as an affirmative or as part of Plaintiff's burden in proving his claims. *Id*. Until the Ninth Circuit resolves this issue, BBB has the right to plead this defense rather than risk waiving it.

### 12. Reasonable Portion of Facility Accessible [Twenty-Fifth Affirmative Defense]

BBB alleges as its twenty-fifth affirmative defense that its facilities do "not violate any law, code, regulation, guideline or provision alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities." Document No. 10 page 14 lines 15-21. The defense of providing "equivalent or effective access" is expressly codified by ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible). This is an appropriate and expressly authorized affirmative defense.

### 13. Existence of Adequate Legal Remedy [Twenty-Eighth Remaining Affirmative Defense]

BBB alleges as its twenty-eighth affirmative defense that "Plaintiff's claims for injunctive relief are barred because there exists an adequate remedy at

PRINTED ON RECYCLED PAPER

SF 1276842v2

- 11 -

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

law."  Document No. 10 at page 15 at lines 7-10.  Injunctive relief is only appropriate where there is no adequate remedy at law available.  *See Northern Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984) ("A party seeking an injunction from a federal court must invariably show that it does not have an adequate remedy at law").  This is crucial to Plaintiff's ADA claims, since the only remedy available for a violation of the ADA under a private right of action is injunctive relief.  42 U.S.C. § 12188(a)(1); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  This is an appropriate and expressly authorized affirmative defense.

### 14.   No Basis for Injunctive Relief [Twenty-Ninth Affirmative Defense]

BBB alleges as its twenty-ninth affirmative defense that because the only conditions alleged at BBB's facilities are not legally sufficient to be enjoined because they either do not exist, or have been remediated.  *See* Document No. 10 at page 15, lines 12-16.  Since the only remedy available for a violation of the ADA under a private right of action is injunctive relief.  42 U.S.C. § 12188(a)(1); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  If there are no architectural barriers in existence at the time the court is asked to provided injunctive relief, Plaintiff's ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Without injunctive relief available, there is no remedial benefit to Plaintiff's ADA claims, and thus, plaintiff's claims lack Article III standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  BBB is permitted to raise standing, a jurisdictional defense, in its answer.  Fed. Rules Civ. Proc., Rule 12(b).  This is a legally sufficient cognizable defense.

### 15.   No Case or Controversy [Thirtieth Affirmative Defense]

BBB alleges as its thirtieth affirmative defense that Plaintiff's "Complaint as a whole, and each claim for relief asserted therein, presents no actual case or controversy, or justiciable issue suitable for determination by this Court."

Document No. 10 at page 15, lines 17-21. This affirmative defense relates to the Court's jurisdiction and therefore is properly raised as an affirmative defense. *See* Federal Rule of Civil Procedure 12(h). Without a "case or controversy," the court lacks subject matter jurisdiction. *See United States Nat'l Bank of Ore. v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 445 (1993) (court lacks subject matter jurisdiction over action absent requisite case or controversy); *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975) (case or controversy is threshold question of all federal cases, determining power of court to entertain suit). This is therefore an appropriate and expressly authorized affirmative defense.

### 16.   Lack of Standing for Injunctive Relief [Thirty-First Affirmative Defense]

BBB alleges that because "Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability..." Document No. 10 at page 15 line 22 through line 1. This is precisely the limitations recognized by the Ninth Circuit in *Chapman v. Pier 1 Import*s, 631 F.3d 939, 959-960 (9th Cir. 2011) when it explained that "once a plaintiff establishes that he encountered a barrier which deterred him from use and enjoyment of the facility, that plaintiff could then send an expert into the store to discover other ADA violations…. The plaintiff was then deemed to have standing to challenge all discovered violations **affecting his or her disability**." This is a legally sufficient cognizable defense.

### 17.   Standing-No Injury in Fact [Thirty-Second Affirmative Defense]

To bring a claim in federal court, Plaintiff must meet basic standing requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The party invoking federal jurisdiction bears the burden of establishing that the elements of standing are met. *Id*. Standing is not merely a pleading requirement, but an indispensable part of Plaintiff's case. *Id*. "The standing doctrine addresses the

question of whether the litigant is entitled to have the court decide the merits of the dispute." *Lee v. State of Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997) (internal quotations omitted).

In order to establish standing under *Lujan*, Plaintiff must establish:

- **<u>Injury</u>** - <u>Plaintiff has suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;</u>

- **<u>Causation</u>** <u>- There exists causal connection between the injury and the conduct complained of; and</u>

- **<u>Remedial Benefit</u>** <u>- It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.</u>

*Lujan*, 504 U.S. at 560

Lack of Article III standing is a defect in subject matter jurisdiction. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541-542 (1986). Thus, when a plaintiff lacks standing to sue in federal court, it is appropriate for the court to dismiss the action, pursuant to Rule 12(b)(1), for want of subject matter jurisdiction. *See Chair King, Inc. v. Houston Cellular Corporation*, 131 F.3d 507, 509 (5th Cir. 1997); *Bender*, 475 U.S. at 541.

Here, BBB alleges as its thirty-second Affirmative Defense, that "Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact…" Document No. 10 at page 16 lines 2-6. This is exactly what the United States Supreme Court set forth as an affirmative defense in *Lujan*. BBB is permitted to raise standing, a jurisdictional defense, in its answer. Fed. Rules Civ. Proc., Rule 12(b). This is a legally sufficient cognizable defense.

### 18.   <u>Article III Standing [Thirty-Third Affirmative Defense]</u>

BBB alleges that Plaintiff fails to satisfy the requirements of Article III for standing because he cannot show that: "(1) he is a qualified individual with a

PRINTED ON

RECYCLED PAPER

SF 1276842v2                            CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

JMBM | Jeffer Mangels Butler & Mitchell LLP

disability within the meaning of the ADA; (2) he was excluded from participation in or denied the benefits of Defendant's services or products, or was otherwise discriminated against by Defendant; (3) any exclusion was by reason of said disability; (4) that Plaintiff suffered any injury in fact; and/or (5) or that there is any imminent threat of future harm."  Document No. 10 at page 16, lines 17-16.  This comports with the limitations set forth in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).  This is a legally sufficient cognizable defense.

### 19.   Defendant's Attorneys' Fees [Forty-Fourth Affirmative Defense]

BBB raises as its forty-fourth affirmative defense that "(b)ecause Plaintiff's Complaint and the claims for relief contained therein are frivolous, unreasonable, and without foundation, Defendant is entitled to an award of reasonable attorneys' fees and litigation costs incurred in defending against Plaintiff's Complaint upon judgment thereon in its favor."  Document No. 10 at page 19, lines 5-10.  This is an affirmative defense Plaintiff's Counsel is familiar with.  In *Peters Winco Foods, Inc.*, 320 F.Supp.2d 1035 (E.D. Cal. 2004) aff'd, 151 Fed.App'x 549 (9th Cir. 2005), the court awarded defendant $37,563 to defense counsel upon finding that Plaintiff's Counsel's "action was frivolous, unreasonable, or without foundation." This is therefore an appropriate and sufficiently pled affirmative defense.

### B.   The Court Should Deny Plaintiff's Motion For Partial Summary Judgment

Plaintiff makes the conclusory request for partial summary judgment, without citing any legal authority or providing any supporting argument.  Further, because summary judgment is a drastic device, cutting off a party's right to present its case to a jury, Plaintiff, as the moving party, bears the "heavy burden" of demonstrating the absence of any triable issue of material fact and that it is entitled to partial summary judgment as a matter of law. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.,* 182 F.3d 157, 160 (2nd Cir. 1999); Fed. Rul. Civ. Proc. 56(c).

PRINTED ON

RECYCLED PAPER

SF 1276842v2

- 15 -

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

Partial summary judgment is to be granted with caution and only where the evidence is "so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 55 (1986).  Plaintiff fails his threshold burden to establish that he is entitled to partial summary judgment on BBB's Affirmative Defenses.  Plaintiff fails to submit to the Court any competent evidence in support of his Motion for Partial Summary Judgment.  Further, as discussed above, each of BBB's Affirmative Defenses are legally cognizable defenses recognized by the applicable legal authority.  The Court should therefore deny Plaintiff's Motion for Summary Judgment.

C.     **If The Court Is Inclined To Grant Plaintiff's Motion, Then it Should Grant BBB Leave To Amend Its Answer**

In any event, if the Court is inclined to grant's Plaintiff's Motion, then the Court should grant BBB leave to file an amended answer.  The role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.2d 777, 785 (9th Cir. 1997); FRCP 15(a)(2). Here, Plaintiff has not and cannot demonstrate that he would suffer any undue prejudice if leave to amend is granted.  This is not the case of changing the allegations of a complaint; rather, merely confirming an answer to the changes in the case and relevant legal developments which occurred during the pendency of this Action.  While it would be inappropriate for Plaintiff to amend his Complaint at this stage, there will no prejudice to Plaintiff caused by BBB amending its answer to remove 27 affirmative defenses and make any additional allegations to cure any defects that the Court concludes exists, even though BBB does not believe that there are any defects in its Answer.

IV.     **CONCLUSION**

BBB has voluntarily withdrawn from its Answer 27 affirmative defenses to reduce the claims and defenses to those that are now at issue based on the

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

- 16 -

CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE

developments in this case.  BBB meets the pleading standards for the 20 remaining affirmative defenses in its Answer.  Each of the remaining affirmative defenses are legally cognizable defenses for which BBB properly provides notice in its Answer. The Court should therefore deny Plaintiff's Motion.

DATED:      January 11, 2012     JEFFER MANGELS BUTLER & MITCHELL LLP
                                 MARTIN H. ORLICK
                                 MATTHEW S. KENEFICK


                                 By:/s/ Martin H. Orlick
                                         MARTIN H. ORLICK
                                 Attorneys for Defendant BED BATH & BEYOND
                                 OF CALIFORNIA LIMITED LIABILITY
                                 COMPANY

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On January 11 , 2012, I served the document(s) described as **DEFENDANT BED BATH & BEYOND OF CALIFORNIA LIMITED LIABILITY COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOCUMENT NO. 38)** in this action addressed as follows:

Lynn Hubbard, III
Scottlynn Hubbard, IV
Disabled Advocacy Group, APLC
12 Williamsburg Lane
Chico, CA  95926

☒ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on January 11, 2012 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.


/s/ Angela Pereira
Angela Pereira

PRINTED ON

RECYCLED PAPER

SF 1276842v2

**- 18 -**  CASE NO. 11-4451 JSL
OPPOSITION TO MOTION TO STRIKE