Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone:   (530) 895-3252
Facsimile:    (530) 894-8244

Counsel for Plaintiff

United States District Court

Central District of California

| | |
|---|---|
| Chris Kohler, | ) Case No. 2:11-cv-4451-RSWL(SPx) |
| | ) |
| Plaintiff, | ) **Reply In Support Of Plaintiff's** |
| | ) **Motion to Strike or for Partial** |
| v. | ) **Summary Judgment.** |
| | ) |
| Bed Bath & Beyond of California, | ) |
| LLC; et. al. | ) Date: December 15, 2011 |
| | ) Time: 2:00 p.m. |
| Defendants. | ) Room: 7 |
| | ) |
| | ) |
| | ) Hon.  Ronald S. Lew. |
| | ) |
| | ) |
| | ) |

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**

Page 1

## REPLY

**I.      BBB has failed to meet its burden of proof under summary judgment.**

Summary judgment is the "put up or shut up" moment, when the nonmoving party must show what evidence would convince a trier of fact to accept its version of events. *See, e.g., Weinstock v. Columbia University*, 224 F.3d 33 (2d Cir. 2000); *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146 (6th Cir. 1995). BBB alleges *no* facts in support of its affirmative defenses – not even on information and belief. BBB failed to "put up" any evidence to rebut Kohler's motion, effectively surrendering its defenses to summary judgment. *International Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 398 (1986) (finding party's refusal to plead facts on information and belief did not create an issue of fact sufficient to preclude summary judgment against him).

Unlike BBB, Kohler does not need to show facts to prevail on summary judgment. As the moving party, he can meet his burden merely by "pointing out to the district court . . . that there is an **absence** of evidence" supporting a fact for which **defendant** bears the burden of proof (*i.e.*, its affirmative defenses). *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To prevail on summary judgment, all Kohler needs to do is draw the court's attention to the absence of evidence. BBB misrepresents the summary judgment standard, mistakenly arguing that a plaintiff  must submit evidence to the court in support of his motion for summary judgment. Docket No. 40 at 23. That is not true. *Celotex* is quite clear that, on an issue where the nonmoving party has the burden of proof (*i.e.*, an affirmative

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**

Page 2

defense), "the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an **absence** of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (emphasis added). Kohler has sufficiently "pointed out" the glaring **absence** of facts supporting each affirmative defense, and BBB has refused to allege facts in support.

In its Opposition, BBB alleges no facts, and merely references its pleadings. Congress specifically amended Rule 56(e) "to disapprove a line of cases allowing a party opposing summary judgment to resist a properly made motion by reference only to its pleadings." *Celotex Corp.*, 477 U.S. 317; *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159 n.18 (1970). The nonmoving party cannot prevail by "simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the **nonmoving party** must show that evidence in the record could lead a rational trier of fact to find in its favor. *See id*. at 587. As the nonmoving party, BBB has the burden of showing that the facts – even on information or belief – could lead a rational fact-finder to find for BBB on each affirmative defense. Contrary to BBB's assertions, the burden is on BBB – not Kohler – to produce facts. For example, to prevail on its Eighteenth Defense, BBB's Opposition needed to allege a likelihood that insulating its restroom pipes and moving a toilet paper dispenser would bankrupt BBB (Eighteenth Defense – Not Readily Achievable). Because such boilerplate defenses are inapplicable to the facts of this case, BBB could not and did not plead facts to meet any elements of any of its defenses.

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**
Page 3

**II. Defendant failed to plead its defenses in a manner that provides fair notice of the factual basis for them.**

Defendants are under the same pleading obligations as plaintiffs. To allege an affirmative defense, a defendant must provide the plaintiff with at least *some* notice of the basis for that defense. As the Ninth Circuit held in *Oliver v. Ralphs*, refusing to allege a modicum of facts in a pleading does not give the other party fair notice. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011). Without providing the basis for its defenses, BBB could move for summary judgment and spring new facts on Kohler without allowing him an opportunity to find contrary evidence during discovery. In *Oliver*, the defendant convinced the Ninth Circuit to strike claims from the plaintiff's pleading because plaintiff did not give the defendant fair notice of claims whose factual bases were alleged for the first time in the post-pleading expert report. *Oliver*, 654 F.3d at 908. Under the age-old legal maxim "what's good for the goose is good for the gander," this court should similarly strike BBB's affirmative defenses for failing to allege facts in support and failing to comply with *Oliver*'s pleading requirements.

An Answer "must put forth sufficient legal defenses supported by **specific factual allegations**." 2010 WL 3911467, at *1-2 (S.D. Cal. 2010) (Burns, J.) (emphasis added). When the pleadings "fail to place [plaintiff] on notice about the affirmative defenses at issue" by pleading "bare-bones allegations," it wastes the court's and the parties' time. *Id*. BBB's Answer to the Complaint contained zero facts – none at all – but raised forty-seven separate affirmative defenses in a scattershot pleading. This original answer was chock full of misapplications of the law and wholly devoid of factual support. Some were obviously inappropriate for a civil rights claim, such as arguing that a disabled plaintiff "assumed the risk" of defendant's

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**
Page 4

discrimination. Others were defenses to claims Kohler never made, such as defenses based in negligence law. A couple of the "affirmative defenses" were not defenses at all but, rather, prima facie elements of Kohler's initial claims.

BBB's opposition abandons twenty-seven of its defenses, while still clinging to nineteen. *Docket No. 40*. These defenses, however, suffer from the same deficiencies as they did before, as BBB still refuses to plead facts in support. These defenses should be stricken as factually insufficient as well as legally insufficient. *Barnes v. AT&T Pension Benefit,* 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010); *Qarbon.com, Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (Ware, J.) (striking defenses that did no more than name the defenses without listing their elements or supporting facts); *Solis v. Zenith Capital, LLC*, No. C-08-4854, 2009 U.S. Dist. LEXIS 43350, at *8-19 (N.D. Cal. May 8, 2009) (Hamilton, J.) (striking defenses when no factual bases were provided).

### III.  Defendant misrepresents controlling case law, and its remaining defenses are legally inapplicable.

Instead of responding to the arguments in Kohler's motion to strike, BBB ignores controlling precedent and restates nineteen insufficient defenses from its answer. Each remaining defense is factually and legally insufficient. *Barnes,* 718 F.Supp.2d at 1172; *Qarbon.com, Inc.,* 315 F. Supp. 2d at 1049-50 (Ware, J.) (striking defenses that did no more than name the defenses without listing their elements or supporting facts); *Solis*, 2009 U.S. Dist. LEXIS 43350, at *8-19 (N.D. Cal. May 8, 2009) (Hamilton, J.). In an effort to conserve judicial resources, plaintiff will not reiterate all arguments in the motion for summary judgment.

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**
Page 5

## A.      Third/Fourth Defenses – Negligence of Third Parties.

The Ninth Circuit explicitly held that the operator of a public accommodation is directly responsible for its own ADA violations, and a lessor's own unlawful activity cannot serve as a defense to the lessee's liability. *Botosan v. Paul McNally Realty*, 216 F.3d at 832-33 (9th Cir. 2000), citing H.R. Rep. No. 101-485(II), at 104, reprinted in 1990 U.S.C.C.A.N. 303, 387 ("A public accommodation's obligations are not extended or changed in any manner by virtue of its lease with the other entity."). The ADA's prohibitions against discrimination apply to "any person who owns, *leases* (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). We do not dispute that third parties – a landlord, for example – also violated the ADA. That does not, however, in any way relieve BBB of its own obligation to obey the law.

## B.      Eighteenth Defense – Not Readily Achievable.

The readily achievable defense applies only when 1) the facility was built before 1993, and 2) the defendant has already obtained "a pre-approved construction contract for a sum certain which includes detailed plans, impact statements, engineering studies, and permits" showing that the proposed changes are not readily achievable. *Molski v. Foley Estates Vineyard*, 531 F. 3d 1043, 1048-49 (9th Cir. 2008); *see also id*. at 1046-50 (readily achievable defense discussed). This contract must be obtained before litigation even begins, and BBB has not alleged – even on information and belief – that the building was built before 1993. Without even that preliminary hurdle crossed, there is no conceivable set of facts under which a readily achievable defense would apply. Without basic factual support, summary judgment is appropriate on this defense.

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**

Page 6

**C.**     **First, Fifth, Twenty-Ninth, Thirtieth, Thirty-First, Thirty-Second, Thirty-Third Defenses – Prima Facie Elements.**

Assertions of defects in Plaintiff's prima facie case like failure to state a claim are not affirmative defenses. *Barnes*, 718 F. Supp. 2d at 1174 (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.")). Defendant's Answer already denied elements of Kohler's prima facie case in its "denials," and thus, to the extent that the defendant restates negative defenses that exist in other parts of the Answer, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation. *Id*.

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**

## CONCLUSION

The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Similarly, in response to a motion for summary judgment, a defendant must either "put up" its evidence rebutting plaintiff's claims, or else "shut up." *See, e.g., Weinstock v. Columbia University*, 224 F.3d 33 (2d Cir. 2000); *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146 (6th Cir. 1995). As explained in this reply and our original motion, defendant has refused to plead any facts in support of its affirmative defenses – even on information and belief – despite ample opportunity.

Plaintiff therefore requests the court to strike each affirmative defense as insufficient as a matter of law, and to grant summary judgment or partial summary judgment in the alternative under Rule 56 on the same grounds – *i.e.* the defendant's Answer contained affirmative defenses that fail as a matter of law.

Dated: January 18, 2012       DISABLED ADVOCACY GROUP, APLC

/s/ Lynn Hubbard III, Esquire                    /
                    LYNN HUBBARD III
                    Attorney for Plaintiff

*Kohler v. Bed Bath & Beyond of California, LLC et. al.*, Case No. 2:11-cv-4451-RSWL(SPx)
**Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Strike/MSJ**
Page 8