O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Chris Kohler, | ) | CV 11-4451 RSWL (SPx) |
| | ) | |
| Plaintiff, | ) | **ORDER re: Plaintiff's** |
| | ) | **Motion to Strike** |
| v. | ) | **Affirmative Defenses** |
| | ) | **under Rule 12(f) or For** |
| Bed Bath & Beyond of | ) | **Summary Judgment or** |
| California, LLC, et al. | ) | **Partial Summary Judgment** |
| | ) | **in the Alternative [38]** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

On February 1, 2012, Plaintiff Chris Kohler's ("Plaintiff") Motion to Strike Affirmative Defenses under Rule 12(f) or For Summary Judgment or Partial Summary Judgment in the Alternative [38] came on for regular calendar before this Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike under Federal Rule of

1

Civil Procedure 12(f) and **DENIES** Plaintiff's Motion for
Summary Judgment.  Under Rule 12(f), the Court may
strike "an insufficient defense or any redundant,
immaterial, impertinent or scandalous" matter from the
pleadings.  Fed. R. Civ. P. 12(f).  The purpose of Rule
12(f) is "to avoid the expenditure of time and money
that must arise from litigating spurious issues by
disposing of those issues prior to trial."  Sidney-
Vinstein v. A.H. Robbins Co., 697 F.2d 880, 885 (9th
Cir. 1983).  If a court strikes an affirmative defense,
leave to amend should be freely granted, provided there
is no prejudice to the moving party.  Wyshak v. City
Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979).

Plaintiff has requested that the Court strike all
forty-seven of Defendant Bed Bath & Beyond of
California, LLC's (hereafter "Defendant") Affirmative
Defenses.  In its Opposition, Defendant has withdrawn
twenty of its Affirmative Defenses; therefore, the
Court will only address Defendant's remaining
Affirmative Defenses.

The Court finds that Defendant's First Affirmative
Defense, failure to state a claim, fails as a matter of
law because it is not an affirmative defense but rather
a failure of Plaintiff's prima facie case.  Barnes v.
AT & T Pension Ben. Plan-Nonbargained Program, 718 F.
Supp. 2d 1167, 1174 (N.D. Cal. 2010) (ruling that
failure to state a claim is not a proper affirmative
defense).  Therefore, the Court hereby **GRANTS**

Plaintiff's Motion to Strike as to Defendant's First Affirmative Defense.  Defendant's First Affirmative Defense is **STRICKEN with prejudice** as no facts can be pled to constitute a proper affirmative defense.

The Court finds that Defendant's Second Affirmative Defense, expiration of the statute of limitations, is properly pled and is an appropriate affirmative defense.  <u>Daingerfield Island Protective Soc. v. Babbitt</u>, 40 F.3d 442, 445 (D.C. Cir. 1994) (ruled that statute of limitations defense was properly pled by its bare assertion).  Therefore, the Court hereby **DENIES** Plaintiff's Motion to Strike as to Defendant's Second Affirmative Defense.

As to Defendant's Third and Fourth Affirmative Defenses, negligence of third parties, the Court finds that this defense fails as a matter of law under the ADA.  "[T]he ADA is clear that a public accommodation is responsible for its own violations of the ADA, and that such violations cannot be contracted away."  <u>United States v. AMC Entm't, Inc.</u>, 232 F. Supp. 2d 1092, 1118 (C.D. Cal. 2002) (rev'd on other grounds) (rejecting the defendant's affirmative defense of third party negligence).  Therefore, the Court hereby **GRANTS** Plaintiff's Motion to Strike as to Defendant's Third and Fourth Affirmative Defense with leave to amend.

As to Defendant's Sixth Affirmative Defense, no basis for attorney's fees under California Code of Civil Procedure § 1021.5, Plaintiff claims that he is

3

1    not seeking attorney's fees under § 1021.5, and thus,
2    the defense should be stricken as irrelevant.  The
3    Court finds that while Plaintiff has sought attorney's
4    fees from Defendant under § 1021.5 [Compl. at 43], the
5    Affirmative Defense should be stricken because it is
6    not an affirmative defense but rather a failure of
7    Plaintiff's prima facie case.  Therefore, the Court
8    hereby **GRANTS** Plaintiff's Motion to Strike as to
9    Defendant's Sixth Affirmative Defense.  Defendant's
10    Sixth Affirmative Defense is **STRICKEN with prejudice**
11    because no facts can be pled to constitute a proper
12    affirmative defense.
13      The Court finds that Defendant's Seventh and Tenth
14    Affirmative Defenses, good faith and legitimate
15    business purpose, are properly pled and could
16    potentially relate to Plaintiff's state law claims or
17    claims for punitive damages.  Therefore, the Court
18    hereby **DENIES** Plaintiff's Motion to Strike as to
19    Defendant's Seventh and Tenth Affirmative Defenses.
20      The Court finds that Defendant's Eighth Affirmative
21    Defense, equivalent facilitation, is sufficiently pled
22    and is a proper affirmative defense against Plaintiff's
23    claims under the ADA and California's Unruh Act.  ADAAG
24    § 2.3; 28 C.F.R. § 36.402.  Therefore, the Court hereby
25    **DENIES** Plaintiff's Motion to Strike as to Defendant's
26    Eighth Affirmative Defense.
27      As to Defendant's Thirteenth Affirmative Defense,
28    unclean hands, Plaintiff argues that it must be

stricken because it is inapplicable as a matter of law to ADA claims.   The Court finds that the Affirmative Defense is properly pled with sufficient facts and could relate to Plaintiff's numerous state law claims. Specifically, Defendant alleges that Plaintiff is deliberately targeting Defendant's stores and asserting false and misleading accusations.   Therefore, the Court hereby **DENIES** Plaintiff's Motion to Strike as to Defendant's Thirteenth Affirmative Defense.

As to Defendant's Eighteenth Affirmative Defense, not readily or likely achievable, Plaintiff argues that it was not sufficiently pled to constitute a defense. Plaintiff is correct when he states that Defendant has made a bare assertion without additional facts to support the defense, but the case law Plaintiff cites to, <u>Molsk v. Foley Estates Vineyard</u>, 531 F.3d 1043 (9th Cir. 2008), does not support his argument that Defendant is required to allege more at the pleading stage.   Therefore, the Court hereby **DENIES** Plaintiff's Motion to Strike as to Defendant's Eighteenth Affirmative Defense.

The Court finds that Defendant's Twentieth Affirmative Defense, reliance on municipal permits/vested rights, is properly pled and applicable to Plaintiff's California state law claims. Plaintiff's only argument is that any state or local permits would be preempted by the ADA, but Plaintiff also makes state law claims, which would not be

preempted here.   Therefore, the Court hereby **DENIES**
Plaintiff's Motion to Strike as to Defendant's
Twentieth Affirmative Defense.

The Court finds that Defendant's Twenty-Second and
Twenty-Fifth Affirmative Defenses, de minimis
deviations and reasonable portion of facility
accessible, are properly pled and recognized defenses.
Cherry v. City College of San Francisco, 2006 WL
6602454, at *5-6 (N.D. Cal. January 12, 2006)
(recognizing the ADA's allowance for reasonable
variances and equivalent facilitation).   Therefore, the
Court hereby **DENIES** Plaintiff's Motion to Strike as to
Defendant's Twenty-Second and Twenty-Fifth Affirmative
Defenses.

The Court finds that Defendant's Twenty-Eighth and
Twenty-Ninth Affirmative Defenses, existence of
adequate legal remedy and no basis for injunctive
relief, are not affirmative defenses, but rather
failures in Plaintiff's prima facie case for an
injunction.   Therefore, the Court hereby **GRANTS**
Plaintiff's Motion to Strike as to Defendant's Twenty-
Eighth and Twenty-Ninth Affirmative Defenses.
Defendant's Twenty-Eighth and Twenty-Ninth Affirmative
Defenses are **STRICKEN with prejudice** as no facts can be
pled to constitute a proper affirmative defense.

As to Defendant's Thirtieth through Thirty-Third
Affirmative Defenses, lack of standing, Plaintiff
argues that these are not true affirmative defenses and

must be stricken.  While standing is an essential
element of a plaintiff's claim, some courts have
recognized it as an affirmative defense.  <u>Solis v.
Couturier</u>, No. 08-02732-RRB, 2009 WL 3055207 at *1
(E.D. Cal. Sept. 17, 2009) ("Lack of standing is a
recognized affirmative defense").  Therefore, the Court
hereby **DENIES** Plaintiff's Motion to Strike as to the
Thirtieth through Thirty-Third Affirmative Defenses.

 The Court finds that Defendant's Forty-Fourth
Affirmative Defense, a claim for attorney's fees, is
not a valid affirmative defense.  If it prevails,
Defendant can bring a properly noticed and factually
supported motion for attorney's fees after the Court
has made a final ruling in this case.  Therefore, the
Court hereby **GRANTS** Plaintiff's Motion to Strike as to
Defendant's Forty-Fourth Affirmative Defense.
Defendant's Forty-Fourth Affirmative Defense is
**STRICKEN with prejudice** as no facts can be pled to
constitute a proper affirmative defense.

 Finally, the Court hereby **DENIES** Plaintiff's Motion
for Summary Judgment.  Plaintiff has failed to make any
supporting argument regarding the Motion, and the Court
finds that Defendant has pled sufficient facts in its
Affirmative Defenses to create a genuine issue of
material fact.

 In sum, the Court hereby **GRANTS** Plaintiff's Motion
to Strike as to Defendant's First, Third, Fourth,
Sixth, Twenty-Eighth, Twenty-Ninth, and Forty-Fourth

Affirmative Defenses.  The Court allows Defendant **20 days leave to amend** as to Defendant's Third and Fourth Affirmative Defenses.  The Court hereby **DENIES** Plaintiff's Motion to Strike as to Defendant's Second, Seventh, Eighth, Tenth, Thirteenth, Eighteenth, Twentieth, Twenty-Second, Twenty-Fifth, and Thirty through Thirty-Third Affirmative Defenses. Additionally, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

DATED: February 8, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge