O

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Chris Kohler, | ) | CV 11-4451 RSWL (SPx) |
| | ) | |
| Plaintiff, | ) | **Statement of** |
| | ) | **Uncontroverted Facts and** |
| v. | ) | **Conclusions of Law Re:** |
| | ) | Cross-Motion for Summary |
| | ) | Judgment of Defendant Bed |
| Bed Bath & Beyond of | ) | Bath & Beyond of |
| California, LLC, et. al | ) | California Limited |
| | ) | Liability Company [57] |
| | ) | |
| Defendants. | ) | |

After consideration of the papers and arguments in support of and in opposition to the Cross-Motion for Summary Judgment of Defendant Bed Bath & Beyond of California Limited Liability Company [57], this Court makes the following findings of fact and conclusions of law.

### UNCONTROVERTED FACTS

1. Plaintiff Chris Kohler ("Plaintiff") is physically disabled as defined by all applicable California and U.S. laws and requires use of a

1  wheelchair when traveling in public.  Kohler Decl.

2  ¶¶ 1-2.

3      2.  Defendant Bed Bath & Beyond of California, LLC

4  ("Defendant") operates a store in the Lake Elsinore

5  Marketplace ("Shopping Center") located in Lake

6  Elsinore, California.  The Shopping Center comprises

7  multiple retail and restaurant establishments.  Freeman

8  Decl., Ex. 1.

9      3.  The Shopping Center, where Defendant's store is

10  located, has a parking lot.  Freeman Decl., Ex. 1.

11      4.  Defendant signed a lease agreement with the

12  owner of the Shopping Center, Lake Elsinore Marketplace

13  LLC ("Landlord").  Id.

14      5.  The lease agreement states that the Shopping

15  Center is a "common area" that is "available for the

16  joint use and benefit" of Defendant, other Shopping

17  Center tenants, and customers.  Id.

18      6.  The lease agreement states that Landlord is

19  responsible for maintenance, repairs, and compliance

20  with "all applicable Legal Requirements" in the common

21  areas.  Id.

22      7.  As of June 5, 2012, at least one bathroom stall

23  door in the men's restroom at Defendant's store has

24  self-closing hinges.  Cerda Decl. ¶ 3, Ex. 2.

25      8.  As of June 21, 2012, there are two paper towel

26  dispensers located in the men's restroom at Defendant's

27  store.  One of the paper towel dispensers can be

28  operated with a closed fist.  Jaggli Decl. ¶ 2.

1    9.  As of June 5, 2012, there are no exposed pipes

2  underneath the sinks in the men's restroom at

3  Defendant's store.  Cerda Decl. ¶ 2, Ex. 1.

4                    **CONCLUSIONS OF LAW**

5    1.  Under the Americans with Disabilities Act

6  ("ADA"), a disabled person suffers an injury-in-fact

7  for the purposes of constitutional standing, when

8  discriminatory architectural barriers deter him from

9  returning or "otherwise interfere with his access to"

10  the facility.  <u>Chapman v. Pier 1 Imports</u>, 631 F.3d 939,

11  950 (9th Cir. 2011).

12    2.  Plaintiff has alleged that he visited

13  Defendant's store in the Shopping Center on three

14  occasions and encountered architectural barriers that

15  have affected or could affect his access to the

16  facility in the future.  Kohler Decl. ¶¶ 5-8.

17  Accordingly, Plaintiff has sufficiently alleged injury-

18  in-fact and therefore, possesses constitutional

19  standing to assert his ADA claims.

20    3.  Under the ADA, liability for non-compliance is

21  assigned to "any person who owns, leases (or leases

22  to), or operates a place of public accommodation."  42

23  U.S.C. § 12181(a).

24    4.  Pursuant to Defendant's lease agreement with

25  Landlord, Defendant does not own, lease (or lease to),

26  or operate the parking lot at the Shopping Center.

27  Accordingly, Defendant is not liable under the ADA for

28  the slope and cross slopes of the disabled parking

1  spaces and access aisles in the Shopping Center parking

2  lot.

3      5.   The only remedy available under the ADA for a

4  private plaintiff is injunctive relief, therefore, "a

5  defendant's voluntary removal of alleged barriers prior

6  to trial can have the effect of mooting a plaintiff's

7  ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d

8  903, 905 (9th Cir. 2011).

9      6.   Under the ADA, at least one stall in a public

10 accommodation restroom requires an "outward swinging,

11 self-closing door."  ADAAG § 4.23.4.

12     7.   Since at least one bathroom stall door in the

13 men's restroom at Defendant's store is self-closing as

14 of June 5, 2012, Defendant is ADA compliant and

15 Plaintiff's claim for relief regarding the stall door

16 is moot.

17     8.   Under the ADA, "controls and operating

18 mechanisms shall be operable with one hand and shall

19 not require tight grasping, pinching, or twisting of

20 the wrist."  ADAAG § 4.27.4.

21     9.   Since one of the paper towel dispensers in the

22 men's restroom at Defendant's store can be operated

23 with a closed fist as of June 21, 2012, Defendant is

24 ADA compliant and Plaintiff's ADA claim regarding paper

25 towel dispenser controls is moot.

26     10.  Under the ADA, hot water and drain pipes under

27 lavatories must be "insulated or otherwise configured

28 to protect against contact."  ADAAG § 4.19.4.

4

11.   Since the pipes underneath the sinks in the men's restroom at Defendant's store are fully insulated as of June 5, 2012, Defendant is ADA compliant and Plaintiff's ADA claim regarding the pipes is moot.

12.   The ADA requirements for strike side clearance at doors in public accommodations refer to clear floor space and are unrelated to wall length.   ADAAG § 4.13.6, Fig. 25.

13.   Plaintiff's asserted barrier regarding wall length on the strike side of the door entering the men's restroom at Defendant's store is not an actionable barrier under the ADA.

14.   Plaintiff's asserted barrier regarding wall length on the strike side of the door exiting the men's restroom at Defendant's store is not an actionable barrier under the ADA.

15.   The ADA does not require all toilet paper rolls to be located within twelve inches of the front of the toilet seat in restroom stalls.   ADAAG § 4.13.6, Fig. 29(b).

16.   Plaintiff's asserted barrier regarding the distance of the toilet paper rolls to the front of the toilet seat in the bathroom stall is not an actionable barrier under the ADA.

///

///

///

///

17.   Plaintiff has not asserted an ADA violation with regard to the mounting of the paper towel dispenser in the men's restroom.

**IT IS SO ORDERED.**

DATED: July 23, 2012

RONALD S.W. LEW

_____

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge